### CHAPMAN v. WALKER et al.

No. 21182. Opinion Filed June 24, 1930.

Edwards & Robinson, for plaintiff in error.

Brett & Sadler, for defendants in error.

ANDREWS, J. This is a contest between a mother on one side and the grandparents on the other side, for the custody, care, and control of Johnnie Leon Chapman, a minor, approximately two and one-half years of age.

John Chapman instituted a suit in the district court of Hardeman county, Tex., against Opal Chapman, his wife, for divorce and for the custody of the minor child of said marriage. Opal Chapman filed her answer therein. While the action was pending, that court made a temporary order placing the minor child in the custody of its grandparents. While that order was in full force and effect, the mother, Opal Chapman, forcibly took the child from the possession of the grandmother and brought it to Oklahoma. Thereafter the district court of Hardeman county, Tex., rendered its final decree placing the minor child in the custody of its grandparents.

The judgment of the district court of Hardeman county, Tex., determined that neither the father nor the mother was a fit person to have the custody of the child, and that the grandparents were fit and proper persons to have the custody of the child, and that it was for the best interest of the child that it remain with the grandparents.

After an exhaustive hearing before the Honorable T. G. Chambers, judge of the Thirteenth judicial district of Oklahoma, a decree was entered in this habeas corpus proceeding awarding the custody, care, and control of the said minor to its grandparents, W. M. Chapman and his wife, and directing that the child be delivered to the petitioner, R. W. Walker, to be delivered to said grandparents.

We are asked to hold that a party to a divorce action, after being denied, by the court, the custody of the child of the marriage, may forcibly take the child into another state and thereby defeat the continuing jurisdiction of that court and nullify that court's order. We decline to so hold. The rule of comity will not permit such a holding.

This case does not present a question of removal of a child from a state by one having authority so to do. The removal of this child from Texas to Oklahoma was in violation of the criminal statutes as well as the order of the Texas court.

This case does not present a question of the best interest of a child lawfully domiciled in Oklahoma. The child is not lawfully domiciled in Oklahoma. It was brought here and is being kept here in violation of law.

Heide v. Kiskaddon, 79 Okla. 6, 190 Pac. 859, is not in point, for there the children were brought to Oklahoma from Missouri by their mother who had the lawful custody of them in Missouri.

We have then for consideration two rules —the best interest of the child and comity between the states giving effect to judgments of sister states. The doctrine of comity between states requires that a judgment awarding the custody of a minor child rendered by a court of another state shall be conclusive in other states in the absence of a showing of changed conditions affecting the welfare of the child. That rule is universal. Another universal rule is that the best interest of the child should be considered.

To give effect to both of those rules we must hold that the judgment of a court of a sister state awarding the custody of a child will be sustained by the courts of this state unless it is shown that the conditions affecting the welfare of the child have changed since the judgment of the court of the sister state and that the child is lawfully domiciled within this state. If the conditions have not so changed, then the judgment of the sister state will be sustained. If the child is not lawfully domiciled within this state, the judgment of the sister state will be sustained. Before the courts of this state will disregard a judgment of a court of a sister state awarding the custody of a minor child, it must be shown that the minor child was brought into this state by a person having the lawful custody thereof. Otherwise there could be no orderly administration of the law, judgments of courts would be entitled to no respect, and a disappointed litigant, in order to procure another hearing, would need only to forcibly take the child into another state.

In the case at bar the trial judge saw the parties to the action and heard the witnesses. He was in a much better position to determine the effect of the testimony produced at the trial than this court. That court determined the issues, and its judgment is not against the clear weight of the evidence. It must, therefore, be affirmed.

There is no merit in the contention of the respondent that the habeas corpus proceeding was improperly instituted and not properly conducted.

The judgment of the district court of Oklahoma county is affirmed.

LESTER, V. C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.