## REMICK v. REMICK.

No. 33996. March 13, 1951.
Rehearing Denied April 10, 1951.

*229 P. 2d 600.*

A. L Commons, Miami, Jack Rorschach, Vinita, and James Paul, Pineville, Mo., for plaintiff in error.

Richard L. Wheatley and Josh J. Evans, Vinita, for defendant in error.

GIBSON, J. The facts necessary to a decision of the case may be summarized as follows:

Plaintiff in error and defendant in error were formerly husband and wife and of the marriage there was born a daughter named Sallie Lee Remick. On September 25, 1939, defendant in error was awarded a decree of divorce by the district court of Craig county, Oklahoma, the place of their residence. By the terms of the decree the mother was awarded the exclusive custody of the child, then near two years of age, until she should reach the age of 6 years, with right of visitation given to the father. And it was further provided that after the child reached the age of 6 years the mother should have the custody from the 1st day of September until the 1st day of June in each year, and the father such custody between the 1st of June and the 1st of September in each year. After the divorce the mother moved to the State of Missouri where she and the child resided in the home of her parents until she married William Wesley Spiva. Thereafter she and her husband continued to reside in Missouri. In 1947 the plaintiff in error filed in said court an application to modify the decree as to the custody of the child, which was denied.

In August, 1949, plaintiff in error filed in the circuit court of McDonald county, Missouri, his petition wherein he recited the existence of his right under said decree to the custody of the child during the summer months, the fact that he had sought to obtain the custody during the current summer but had been prevented from so doing by the mother and stepfather who concealed her whereabouts, and therein asked that a writ of habeas corpus issue and that upon hearing thereon he be awarded such custody. The writ issued and defendant in error filed her response thereto. In the response there are alleged facts reflecting a change in conditions since the entry of the Oklahoma

decree. It is averred that by reason of such change the welfare of the child required a modification of said decree and prayed that upon the hearing she be awarded the permanent custody of the child with right of visitation in the father. The matter was heard on August 13, 1948, and upon conclusion thereof the court took the matter under advisement, continued the cause to August 23, 1948, and decreed that the plaintiff in error have custody of the child in the meantime. On the latter date the court entered its final decree. Therein the court found that by reason of the changed conditions the care and custody of the child in accordance with said decree is no longer to the best interest and welfare of the child and that the custody should be changed. The custody as fixed is reflected in the following excerpt from the decree:

" . . . that the custody of the said minor child, Sallie Lee Remick, shall be and it is hereby ordered to be permanently in the respondent, Geraldine Lavohyn Remick Spiva, and she is awarded the permanent care, custody and control of said infant child, with the right in the petitioner, Edward Elmo Remick, only to visit such child at reasonable times and on reasonable occasions, such right of visitation to include the right in the said petitioner to have the care, custody and control of such child for at least one week and each month during the school months and for not to exceed a three-day period each month during vacation months, provided that during one month of the vacation months the petitioner shall have the right to the custody of such child for a period not to exceed one week; that the costs of this action shall be paid by the petitioner."

Thereafter, on or about September 1, 1948, the plaintiff in error, with consent of defendant in error, took the child to his home in Miami, Oklahoma, ostensibly for a visit of a few days. On September 4, following, and while the child was yet at his home, plaintiff in error filed the instant action. Therein is sought a modification of said Oklahoma decree, also an award to him of the permanent custody of the child and a decree permanently enjoining defendant in error from interfering therewith. There was further prayed that pending the hearing the defendant in error be restrained from removing the child from the jurisdiction of the court. The restraining order was granted. The matter was heard on November 8, 1948. The decree, so far as material to our review, is reflected in the following excerpt therefrom:

" . . . the Court finds that the Judgment of the Circuit Court of MacDonald County, Missouri, should be modified in that the said minor child, now of the age of 11 years to-wit: Sallie Lee Remick, should remain in the custody of her father, Edward Elmo Remick, until the 24th day of January, 1949, upon which date the semester of the school which she is attending ends, otherwise the order of the Circuit Court of MacDonald County, Missouri, should remain in full force and effect and the said Movant or Defendant herein shall abide by the order of this Court until otherwise changed. That after the expiration of the date of January 24th, 1949, said minor child shall be returned to her mother at Goodman, Missouri."

The assignments of error are presented under the following propositions:

(1) "The judgment of the trial court was contrary to law."

(2) "The court erred in holding that the judgment of the Missouri court was binding."

Under the first proposition there is cited authority to the effect that the presence of the child is sufficient to give the district court jurisdiction of the proceeding notwithstanding the child's domicile is in Missouri. The correctness of the contention is not questioned.

Under the second proposition it is contended that since the sole relief sought in the petition for the writ of habeas corpus was to enforce plaintiff in error's right of custody under the Oklahoma decree, the Missouri court was without jurisdiction to modify the

Oklahoma decree and therefore the trial court erred in recognizing the integrity thereof. No authorities are cited in support of the contention. The question is foreclosed by the holding in Heide v. Kiskaddon et al., 79 Okla. 6, 190 P. 859. There, where the exercise of jurisdictions was the reverse of that herein, we said:

"A judgment of a sister state in a divorce proceeding giving the father the right to the care and custody of minor children is not, under the full faith and credit clause of the Federal Constitution, binding in a habeas corpus proceeding upon the courts in this state, to which the children and mother removed and where they have taken up their domicile. In such cases, the paramount consideration is the welfare of the children."

Since the Missouri decree is to be recognized the respect to be accorded it in the instant proceeding is reflected in the following, said in Chapman v. Walker, 144 Okla. 83, 289 P. 740:

" . . . The doctrine of comity between states requires that a judgment awarding the custody of a minor child rendered by a court of another state shall be conclusive in other states in the absence of a showing of changed conditions affecting the welfare of the child. That rule is universal."

The trial court did not err in recognizing the validity of the Missouri decree.

Judgment affirmed.

ARNOLD, C. J., LUTTRELL, V. C. J., and WELCH, CORN, DAVISON, HALLEY, and O'NEAL, JJ., concur.