Bernice CLAMPITT, Petitioner,

v.

W. Lee JOHNSON, Judge of the District Court of Tulsa County, Tulsa, Oklahoma, Respondent.

No. 39382.

Supreme Court of Oklahoma.

Jan. 17, 1961.

Rehearing Denied Feb. 21, 1961.

Fuller, Smith, Mosburg & Davis, Oklahoma City, for petitioner.

Charles C. Chesnut, Miami, for respondent.

IRWIN, Justice.

After a decree of divorce had been entered and custody of the minor child had been granted to the wife by the District Court of Tulsa County, and subsequent proceedings relating to the custody of the minor child had been litigated in the Tulsa Court and in a Missouri Court, the husband filed an application in the District Court of Tulsa County to modify an order of that court. The order sought to be modified was entered prior to the time the Missouri Court had obtained and exercised jurisdiction as to the custody of the child. Service was by publication and the wife appeared specially and moved the court to quash, set aside and hold for naught the notice and purported service and to dismiss the husband's application for the reason that the court had neither venue nor jurisdiction.

On hearing, the trial court, which had previously held the wife to be in contempt before the Missouri Court obtained and exercised jurisdiction, stated: " * * * The plaintiff (wife) has continuously and wilfully and contumaciously ignored and violated the orders of this court to the extent that this court found her in contempt of court and has ordered a body attachment for her and until she comes into court personally, I do not care to hear further from her." Upon these grounds, the trial court ordered and decreed that the wife's motion to quash and plea to the jurisdiction "would not be heard until plaintiff appears personally in this court, offers a satisfactory explanation of her contempt, purges herself of contempt, or sustains the punishment rendered by the court."

Exceptions were timely made to the refusal of the trial court to consider her special plea to jurisdiction. This is an original action wherein the wife, the petitioner, seeks a writ of prohibition directed to the trial judge, commanding him to desist and refrain from further proceedings in the cause and from exercising further jurisdiction over her person and the minor child.

Facts

On August 7, 1957, in the District Court of Tulsa County, the wife was granted a divorce, custody of the minor child and child support with the right of visitation being given to the husband. The decree of divorce specifically provided that the wife "shall have the right to take the child out of the State of Oklahoma and into the State of Missouri to live".

After the divorce was granted the wife moved to Missouri with the minor child and established domiciliary residence for herself and the child in Laclede County, Missouri.

On May 27, 1958, in the divorce case in Tulsa County, the wife filed an application to end the visitation privileges of the husband. On June 19, 1958, the matter was heard, taken under advisement and continued to October 16, 1958, with the trial court directing the wife to appear and produce the child before the court. The attorney for the wife appeared on October 16, 1958, but the wife did not appear. The matter was continued to November 13, 1958, at which time the wife was again directed to appear and produce the child on November 18, 1958. On November 18, 1958, the wife failed to appear and did not produce the child before the court and on that date the court found her to be in contempt and ordered all child support payments to be made to the clerk of the District Court and not to be paid to the wife until further order of the court. The matter was again continued to November 25, 1958, with the wife being ordered to appear and produce the child on that date.

On November 25, 1958, the wife appeared by and through her attorney but did not appear in person or produce the child. The trial court again ordered all child support payments to be made to the clerk of the District Court and be frozen

and retained until further order of the court. The original decree, relating to the custody of the child, was modified; the wife retaining custody but the husband being granted temporary custody for a time certain each month and for fourteen days during the month of August of each year.

On January 3, 1959, the husband invoked the jurisdiction of the Circuit Court of Laclede County, Missouri. In that action the husband and wife stipulated as to facts and agreed upon modifying the terms of the order entered November 25, 1958, by the District Court of Tulsa County. The order of the Circuit Court of Laclede County, Missouri, inter alia, provides:

"It is understood by the parties and it is hereby ordered by the court that this order constitutes a modification of the 'Journal Entry of Order Denying Plaintiff's application to deny visitation rights to defendant and to Restrain and Enjoin defendant from Visiting Minor Child and Modifying Child Custody and Support Provisions of Divorce Decree as Entered by the District Court of Tulsa County, Oklahoma on November 25th, 1958', and those portions of said journal entry in conflict herewith it is agreed are null and void."

On September 21, 1959, in the District Court of Tulsa County, the husband filed an application for citation against the wife alleging the wife refused to let him visit the child in accordance with the order of the District Court of Tulsa County. On September 28, 1959, he filed an application for modification and prayed for temporary custody· and exclusive custody of the child on final hearing. On that date an order was entered granting the husband temporary custody of the child until further order of the court.

Thereafter, the wife filed an application for a writ of habeas corpus in the District Court of Tulsa County. On October 8, 1959, the matter was heard and the trial court found that the Circuit Court of Laclede County, Missouri, assumed jurisdiction in this cause on January 3, 1959, by mutual request of the parties, that since that time the child was and now is lawfully domiciled in Laclede County, Missouri, and on September 26, 1959, the child was actually present in Laclede County, Missouri; that on September 26, 1959, the husband removed said child from Missouri to Oklahoma in violation of the agreement of the parties and that all times thereafter the husband held the child in Tulsa County unlawfully and in violation of the order of Laclede County, Missouri; that the District Court of Tulsa County did not have jurisdiction to make its purported order of September 28, 1959, and that at that time exclusive jurisdiction was in the Circuit Court of Laclede County, Missouri; that the order of January 3, 1959, by the Circuit Court of Laclede County, Missouri, is in full force and effect.

The writ of habeas corpus was granted and the husband was ordered to deliver the child forthwith.

On October 24, 1959, the Circuit Court of Laclede County, Missouri, heard the application of the wife to modify the order issued by that court on January 3, 1959. The wife appeared in person and the husband appeared by and through his attorneys. The order of January 3, 1959, was modified by setting forth the exact times the husband should have custody of the child; changed the method by which the child would be delivered to the husband, and provided that neither party shall remove the child from Missouri, except that the father could take the child to Oklahoma upon his posting a bond in the sum of $5,000.

On November 28, 1959, the Circuit Court of Laclede County, Missouri, with husband appearing by and through his attorney, in its order defined specifically the exact hours and days the husband should have custody of the child, and the bond to be posted by the father for removing the child to Oklahoma was reduced to $3,000.

No further proceedings were had in either state until August, 1960, when the husband, who had temporary custody of the child under the November 28, 1959, order of the District Court of Laclede County, Missouri, without permission of the court and without posting bond as required, removed the child from Missouri to Oklahoma.

On August 22, 1960, in the District Court of Tulsa County, the husband filed an application to modify the previous order of that court entered November 25, 1958. He alleged the child was a resident of Tulsa County, and prayed for an order granting him temporary custody of the child and an order restraining the wife from removing the child from the jurisdiction of the court until further order of the court. Service on the wife was by publication.

On September 2, 1960, an ex parte order was entered granting temporary custody of the child to the husband until further order of the court and the wife was enjoined from taking the child out of the jurisdiction of the court.

On September 26, 1960, the wife filed a special appearance and motion to quash which was disposed of by the trial court as heretofore set forth.

## Contentions

The wife (petitioner) contends that the jurisdiction to determine custody of the child remains and is in the Circuit Court of Laclede County, Missouri; that the child was brought to Oklahoma in contravention of the order of the Missouri Court and its presence in Oklahoma is unlawful and its mere presence is not sufficient to give the District Court of Tulsa County jurisdiction to made any order concerning its custody; that the Judge of the District Court of Tulsa County, Oklahoma, could not deny her the right to appear specially and object to the jurisdiction of that court.

On behalf of the trial judge, it is contended the jurisdiction of the District Court of Tulsa County is continuing; that the presence in Oklahoma of the minor was sufficient to give that court jurisdiction; that the child is domiciled in Oklahoma; that a change in condition existed and that the District Court of Tulsa County should have made a determination as to custody. It is also contended that the wife having been adjudged in contempt of court, cannot be heard to object until she first comes into court and purges herself of such contempt; and that this is not a case where the extra-ordinary writ of prohibition is warranted.

## Conclusions

Briefly stated the facts are: The divorce decree and subsequent orders by the District Court of Tulsa County, contained provisions for the custody of the child and the wife was granted the right to take the child out of Oklahoma and into the State of Missouri to live. Subsequent to the proceedings in the District Court of Tulsa County, the parties invoked the jurisdiction of the Missouri Court, stipulated that the Tulsa County District Court's order be modified, and the Missouri Court, which had jurisdiction over the parties and the minor child, entered its order concerning the custody of the child. In derogation of the Missouri Court's order, the father brought the child into Oklahoma and filed an application in the District Court of Tulsa County to modify the Tulsa County District Court's former order which had been modified by the Missouri Court.

Hence, we have an application to modify an order of the District Court of Tulsa County, which that court had jurisdiction to render, that was subsequently modified and superseded by a judgment and order rendered by a Missouri Court which had jurisdiction of the parties and the child involved.

The jurisdictional issue is rather unusual and one of first impression. We have repeatedly held that a trial court is vested with continuing jurisdiction concerning the custody and welfare of a minor child when a decree of divorce has been granted. See Reed v. Reed, Okl., 338 P.2d 350; Morgan v. Morgan, Okl., 268 P.2d 855; Sango v.

Sango, 121 Okl. 283, 249 P. 925; Bynum v. Bynum, 184 Okl. 36, 84 P.2d 424. However, we do not construe the above cases or similar cases, or the statutory provisions relating to the care and custody of minor children in a divorce action, as holding that under any and all circumstances, irrespective of what has transpired, that once a trial court has acquired jurisdiction in a divorce action, that it should necessarily assume and exercise jurisdiction to consider all subsequent motions or applications which relate to the custody and welfare of minor children.

■ The basis for such construction, as applied to the facts at bar, is bottomed on the doctrine of comity. Judicial comity is not a rule of law, but one of practical convenience and expediency based on the theory that when a court has jurisdiction, its jurisdiction will not be interfered with during the continuance of its jurisdiction by another court of a foreign jurisdiction unless it is desirable that one give way to the other. See Moody v. Branson, 192 Okl. 327, 136 P.2d 925, 926, wherein we held:

"Under the doctrine of comity, a court should ordinarily decline to entertain jurisdiction of a matter where there is an action already pending in a convenient and competent forum of a sister state to which the parties may apply, and where exercise of jurisdiction by the second court might lead to confusion and conflicting orders."

■ With the child and the mother being lawfully domiciled in the State of Missouri, and the jurisdiction of the Missouri Court having been invoked by both parties, it is apparent the Missouri Court, as a matter of practical convenience and expediency, had continuing jurisdiction concerning the custody of the child. Therefore, under the facts and circumstances in the case at bar, the determining factor is not whether the District Court of Tulsa County, has jurisdiction, as a matter of law; but whether or not the District Court of Tulsa County should assume or exercise jurisdiction as a matter of comity. We will therefore consider the original decree and order relating

to the custody of the child and what transpired since the entry of such decree and order and the case law applicable thereto.

The original divorce decree entered by the District Court of Tulsa County, specifically provided that the wife "shall have the right to take the child out of the State of Oklahoma and into the State of Missouri to live." Without question the parties contemplated and agreed that she would move to Missouri and establish a domiciliary residence for herself and her minor child, and the decree granted her these rights without qualifications. Since the wife had lawfully and legally established her and the child's domiciliary residence in Missouri, and the husband and wife invoked the jurisdiction of the Missouri Court to modify a previous order entered by the District Court of Tulsa County, and stipulated and agreed that it should be modified, the Missouri Court had jurisdiction to determine the issues presented. It is not contended the Missouri Court did not have jurisdiction, or did not enter a valid and binding order on both parties which provided that the child should not be removed from the jurisdiction of the Missouri Court except the husband, when he had temporary custody, could take the child out of the state only if he posted and had approved a bond guaranteeing the return of the child to the Missouri Court's jurisdiction.

It is contended on behalf of the District Judge that the child is physically present in the State of Oklahoma and is lawfully domiciled here and the judgment of the Missouri Court is not binding in the event there was a change of condition affecting the welfare of the child. In this connection, Remick v. Remick, 204 Okl. 345, 229 P.2d 600, 602, is cited with approval wherein this court said:

"Under the first proposition there is cited authority to the effect that the presence of the child is sufficient to give the District Court jurisdiction of the proceedings notwithstanding the child's domicile is in Missouri. The correctness of this contention is not questioned."

and the case of Wilkerson v. Davila, Okl., 351 P.2d 311, 312, wherein we held:

"The judgment of a court of a sister state awarding the custody of a child will be sustained by the courts of this state, unless it is shown that the conditions affecting the welfare of the child have changed since the judgment of the court of such sister state."

A study of the Remick case, supra, will reveal the child was in this state with the consent of all parties concerned and in the syllabus of that case we held:

"Judgment of court of sister state awarding custody will be upheld, unless conditions affecting child have changed *and child is lawfully domiciled here.*"

In the Wilkerson case, supra, the petitioner sought to protect his rights of visitation which had been determined by a court in a sister state. In that case objection was not presented that the minors were not lawfully and legally domiciled in and residents of Oklahoma, and we said although the courts of Oklahoma have jurisdiction to redetermine the question of custody by reason of residence of the minors, the question of jurisdiction was not involved.

The Wilkerson case cited with approval Ex parte Miller, 201 Okl. 499, 207 P.2d 290, which will be discussed later.

If the minor child, as contended on behalf of the District Judge, were lawfully domiciled in Oklahoma, the Remick and Wilkerson cases, supra, would sustain his position if the determining factor were whether or not the District Court had jurisdiction as a matter of law. However, the principle contention of the wife is that the child was unlawfully and illegally brought into Oklahoma in derogation of a valid and binding order rendered by a court of a sister state. To sustain this position she contends the husband violated the order of the Missouri Court, which ordered that the husband could not remove the child to Oklahoma unless he posted and had approved by the court a bond guaranteeing the return of the child to that court's jurisdiction.

The record does not disclose, nor is it contended that the husband posted and had approved a bond guaranteeing the return of the child to the jurisdiction of the Missouri Court as provided in the Missouri Court order, before he brought the child to this state; neither does the record disclose nor is it contended that the husband had the consent of the wife or the Missouri Court to bring the child into Oklahoma. We can only conclude that if the District Court of Tulsa County recognizes, as a matter of comity, the Missouri Court's order, the child is illegally and unlawfully within Oklahoma as it is in this state in violation of the specific provisions of the Missouri Court's order.

We have heretofore considered the rule of comity in cases involving the custody of minor children. In Ex parte Miller, 201 Okl. 499, 207 P.2d 290, 291, previously referred to, we said:

"We have also held that judgment of a court of a sister state awarding custody of a child will be sustained by the courts of this state, unless it is shown that the conditions affecting the welfare of the child have changed since the judgment of the court of the sister state, *and that the child is lawfully domiciled in this state.* * * * There can be no question but that the child in this instance was legally brought into Oklahoma, and the decree of * * * was not violated when that was done."

In Chapman v. Walker, 144 Okl. 83, 289 P. 740, we held:

"Before the courts of this state will disregard a judgment of a court of a sister state awarding the custody of a minor child, *it must be shown that the minor child was brought into this state by a person having the lawful custody thereof.*"

After setting out there are two rules for consideration, the best interest of the child and comity between the states giving effect to judgments of sister states, we said:

"To give effect to both of those rules, we must hold that the judgment of a court of a sister state awarding the custody of a child will be sustained by the courts of this state unless it is shown that the conditions affecting the welfare of the child have changed since the judgment of the court of the sister state *and that the child is lawfully domiciled within this state. If the conditions have not so changed, then the judgment of the sister state will be sustained. If the child is not lawfully domiciled within this state, the judgment of the sister state will be sustained.* Before the courts of this state will disregard a judgment of a court of a sister state awarding the custody of a minor child, it must be shown that the minor child was brought into this ·state by a person having the lawful custody thereof. Otherwise there could be no orderly administration of the law, judgment of courts would be entitled to no respect, and a disappointed litigant, in order to procure another hearing, would need only to forcibly take the child into another state."

In that case, the husband secured a divorce from his wife in Texas. During the pendency of the action the minor child was placed in the custody of the grandparents by order of the court and while in such custody the wife forcibly secured possession of the child and came to Oklahoma. In connection with these facts, we further said in the opinion:

"We are asked to hold that a party to a divorce action, after being denied by the court the custody of the child of the marriage, may forcibly take the child into another state, and thereby defeat the continuing jurisdiction of that court and nullify that court's order. We decline to so hold. The rule of comity will not permit such a holding."

See also Hatcher v. Hatcher, 206 Okl. 471, 244 P.2d 580, wherein the children were legally returned to the jurisdiction of the District Court which entered the original divorce decree.

The general rule appears to be that if a court of a sister state enters a valid and binding order, or judgment concerning the custody of minor children, such order or judgment will be recognized by the courts of this state as a matter of comity, and the courts of this state will not assume or exercise jurisdiction to relitigate the question as to custody unless the child or children are lawfully and legally within this state. If such were not the general rule, there could be no orderly administration of the law, judgments of courts would be entitled to no respect, and any disappointed litigant, in order to procure another hearing, would need only to forcibly take a child into another state.

However, an exception to the general rule should be allowed by the courts of this State where the welfare of the child is in jeopardy or some other unusual circumstance exists. This Court has consistently held that in determining the custody of children, in a divorce action, the welfare of the child is the paramount consideration. Therefore, if an application for modification of a divorce decree should affirmatively show that the welfare of the child is in jeopardy or some other unusual circumstance exists, the Courts of this State should assume jurisdiction to determine the application on its merits instead of refusing to take jurisdiction, as a matter of comity.

Although the application in the case at bar alleges there has been a change of condition and it would be to the best interest of the child if the husband were awarded custody, we find no allegations that the welfare of the child is in jeopardy or that some other unusual circumstance exists. In examining the entire record covering all the proceedings between the father and mother, each trying to obtain the custody of the child, we find no basis for finding either the mother or the father are unfit to care for the child. All the proceedings indicate the motivating force was not what was necessarily for the best interest and

welfare of the child, but the desire of both the father and mother to have custody of their child. The application which forms the basis for this action contains nothing materially different than that contained in the former proceedings. We therefore hold, that as a matter of comity, the District Court of Tulsa County, should recognize the order and judgment of the Missouri Court, and should not assume or exercise jurisdiction to relitigate the question of custody.

 Even though the District Court of Tulsa County should not assume or exercise jurisdiction, to relitigate the question of custody, as a matter of comity, can the wife, who has been adjudged to be in contempt of that court, be heard to object before she appears and purges herself of such contempt. In this connection we must be cognizant of the order of the trial court wherein it decreed that the wife's motion to quash and plea to the jurisdiction, "would not be heard until plaintiff appears personally in this court, offers a satisfactory explanation of this contempt, purges herself of contempt, or sustains the punishment rendered by the court."

In Bishop v. Bishop, Okl., 321 P.2d 416, 420, we said:

"The defendant calls our attention to Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 L.Ed. 215, wherein the Supreme Court of the United States , held that to deny one the right to defend when cited for contempt of court for failure to pay alimony or support money in a divorce action constitutes a denial of the due process provision in the United States Constitution."

And we held:

"Excluding a defendant from participating in any feature of a divorce case for failure to pay suit money, alimony or child support as ordered, is a denial of due process clause of the United States Constitution, * * *."

We therefore hold the trial court erred in refusing to hear the wife's motion to quash and plea to the jurisdiction before she personally appeared and purged herself of contempt of such court.

 Having concluded that the District Court of Tulsa County should not assume jurisdiction as a matter of comity, we must now determine if this is a case wherein the extraordinary writ of prohibition is warranted. Although the trial court did not specifically determine whether or not it should assume jurisdiction to hear the husband's application, it is apparent from its order that it will not consider the wife's plea to the jurisdiction unless she sooner personally appears and purges herself of contempt. Also the court entered an ex parte order on September 2, 1960, granting temporary custody of the child to the husband until further order of the court and the wife was prohibited from taking the child out of the jurisdiction of the court.

Under Article 7, Section 2, of the Constitution of Oklahoma, this Court has original jurisdiction to issue writs of prohibition and other extraordinary writs and a general superintending control over all inferior courts and commissions created by law. We have long been committed to the rule that "prohibition is the proper remedy, where an inferior court assumes to exercise judicial power not granted by law, or is attempting to make an excessive and unauthorized application of judicial force in a cause properly cognizable by it." See Board of Commissioners of Harmon County v. Keen, 194 Okl. 593, 153 P.2d 483, 484; Hayes Freight Lines v. Cheatham, Okl., 277 P.2d 664, 48 A.L.R.2d 1278; and State ex rel. Larecy v. Sullivan, 207 Okl. 128, 248 P.2d 239.

If the District Court of Tulsa County has assumed or does assume or exercise jurisdiction in the present proceedings, it would have done or would be doing that, which we said as a matter of comity, it should not do. We therefore hold that the facts in the case at bar present a situation wherein the extraordinary writ of prohibition is warranted and the same is hereby granted, prohibiting the trial Judge from further proceeding in the matter in so far as custody of the minor child is involved.

We further hold the ex parte order entered by the District Court on September 2, 1960, awarding the temporary custody of the child to the husband should be and the same is hereby vacated.

We decline to issue a writ prohibiting the trial Judge from exercising further jurisdiction over the person of the wife. Therefore, a writ of prohibition is denied prohibiting the trial Judge from exercising further jurisdiction over the person of the wife.

Writ granted in part, denied in part.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and WELCH, DAVISON, JACKSON and BERRY, JJ., concur.

HALLEY and JOHNSON, JJ., dissent.