**Ralph W. E. COX, Jr., Appellant,**

v.

**Mary Lou PAULSON, nee Cox, Appellee.**

**No. 47139.**

Court of Appeals of Oklahoma, Division No. 1.

March 11, 1975.

Released for Publication by Order of Court of Appeals April 3, 1975.

Hawkins & Byers, Sapulpa, for appellant.

Conner, Winters, Ballaine, Barry & McGowen by James L. Kincaid, J. Denny Moffett, Tulsa, for appellee.

REYNOLDS, Judge.

■ In Oklahoma as well as in other jurisdictions, it is a well recognized principle of law that the domicile or residence of a minor child whose parents have been divorced is the domicile of the parent to whose custody the child has been legally given. The doctrine of comity and full faith and credit require that the courts of Oklahoma recognize the decree of a sister state.

Plaintiff and defendant were married on January 30, 1959 in Hollywood, California, and a son, Ralph W. E. Cox, III, the custody of whom is the subject of this action, was born of this marriage. On November 16, 1964, the Superior Court of the State of California for the County of Los Angeles entered a Final Judgment of Divorce. Plaintiff appeared by and through legal counsel at that divorce proceeding. Since 1964, the plaintiff has applied to the Superior Court of California in and for the County of Los Angeles for various orders concerning the custody of Ralph W. E. Cox, III. The said divorce decree has been subsequently modified by orders of the same court on March 15, 1968, February 17, 1969, August 4, 1969, and June 28, 1971.

As a result of the Judgment of Divorce and the modification order of June 28, 1971, defendant was awarded full and complete custody of Ralph W. E. Cox, III, and plaintiff was granted visitation privileges. Included in the orders for custody and visitation, the Court ordered that:

" . . . [T]he defendant (Ralph W. E. Cox, Jr.) shall not institute any proceedings in any other jurisdiction that will modify, amend, or change any orders heretofore made respecting custody or visitation of the minor child at a time when the child is not physically within the jurisdiction of this Court and in the custody of the plaintiff (Mary Lou Cox)."

On the occasion of one of plaintiff's visitation periods, the son was taken from California to Oklahoma and arrived in Oklahoma on September 13, 1973. The plaintiff filed his petition in this cause on September 14, 1973, requesting the District Court of Creek County, Drumright Division, State of Oklahoma, to grant him temporary and extended custody of the son. Plaintiff contends that he and the child were domiciliaries of Oklahoma.

The trial court examined the pleadings, heard evidence, examined exhibits and being fully advised in the premises, found that the court was without jurisdiction of the parties, and the subject matter. The defendant's Special Appearance—Denial of Jurisdiction plea was sustained. The plaintiff's petition was dismissed for want of jurisdiction. Plaintiff appeals.

In Hollick v. McDaniel, Okl., 401 P.2d 466, Syllabus by the Court, is the following:

"1. As a matter of comity, if a court of a sister state enters a valid and binding order or judgment concerning the custody of a child, and the child is brought into this state in derogation of such order or judgment, the courts of this state should not assume or exercise jurisdiction to relitigate the question of custody, unless the welfare of the child is in jeopardy or some other unusual circumstance exists."

If this court reversed the lower court, the result would be none other than the encouragement of those problems feared by the Supreme Court in Hollick v. McDaniel, supra.

■ Here, the California courts continue to have jurisdiction over the California domiciliary minor whose custody has been judicially determined in California, despite the temporary absence of the child from California. Rosher v. Superior Court, 9 Cal.2d 556, 71 P.2d 918 (1937); Foster v. Foster, 8 Cal.2d 719, 68 P.2d 719 (1937).

*The courts of Oklahoma have also held repeatedly that a trial court is vested with continuing jurisdiction concerning the custody and welfare of a minor child where a decree of divorce has been granted.* Earnst v. Earnst, 418 P.2d 351 (Okl.1966); Reed v. Reed, 338 P.2d 350 (Okl.1959); West v. West, 268 P.2d 250 (Okl.1954); Mahan v. Moore, 198 Okl. 67, 175 P.2d 345 (1947). In the present case, not only are the California courts vested with continuing jurisdiction over the son, but they have exercised this jurisdiction on several occasions in the interest of the minor's welfare, including the court's decree directing plaintiff not to bring an action such as the present one.

■ An exception to the general rule that the judgment of the courts of a sister state awarding custody of a child will be sustained by the courts of Oklahoma, is allowed where the child's welfare is in jeopardy or other unusual circumstances exist. Clampitt v. Johnson, 359 P.2d 588 (Okl. 1961); Hollick v. McDaniel, supra. However, in the present case, there are *no allegations* that the child's welfare is in jeopardy or some unusual circumstance exists. There is likewise *no allegation* that the conditions affecting the child's welfare have substantially changed since the California court last considered this question. As this court in *Clampitt* stated, quoting from Wilkerson v. Davila, 351 P.2d 311, 312 (Okl.1960),

"The judgment of a court of a sister state awarding the custody of a child will be sustained by the courts of this state, *unless it is shown that the conditions affecting the welfare of the child have changed since* the judgment of the court of such sister state." Clampitt v. Johnson, supra, 359 P.2d at 593. (Emphasis added.)

In addition to requiring a change of circumstances which jeopardizes the welfare of the child, this court has repeatedly stated that before they will disregard a judgment of the court of a sister state, the child must be lawfully domiciled within the state. The facts of this case clearly indicate the domicile of the child herein is in California where he resides with his mother and attends school. The Supreme Court in *Clampitt* stated the holding of Remick v. Remick, 204 Okl. 345, 229 P.2d 600 (1951),

"Judgment of court of sister state awarding custody will be upheld, unless conditions affecting child have changed *and child is lawfully domiciled here.*" (Emphasis added.) Clampitt v. Johnson, supra, 359 P.2d at 593.

The court well explained the principles applicable to this cause where it said:

"We have then for consideration two rules; the best interest of the child and comity between the states giving effect to judgments of sister states. The doctrine of comity between states requires that a judgment awarding the custody of a minor child rendered by a court of another state shall be conclusive in other states in the absence of a showing of changed conditions affecting the welfare of the child. That rule is universal. Another universal rule is that the best interest of the child should be considered.

"To give effect to both of those rules, we must hold that the judgment of a court of a sister state awarding the custody of a child *will be sustained by the courts of this state unless it is shown that the conditions affecting the welfare of the child have changed since the judgment of the court of the sister state and that the child is lawfully domiciled within this state. If the conditions have not so changed, then the judgment of the sister state will be sustained. If the child is not lawfully domiciled within this state, the judgment of the sister state will be sustained.* Before the courts of this state will disregard a judgment of a court of a sister state awarding the custody of a minor child, it must be shown that the minor child was brought into this state by a person having the lawful custody thereof. *Otherwise there could be no orderly adminis-*

*tration of the law, judgments of courts would be entitled to no respect, and a disappointed litigant, in order to procure another hearing, would need only to forcibly take the child into another state."* Chapman v. Walker, 144 Okl. 83, 289 P. 740, 741 (1930). (Emphasis added.)

The judge of the trial court took direct affirmative authority to control all aspects of the hearing. The court properly ruled that the appellant did not have lawful custody of the child, and secondly did not find him to be a lawful resident of Creek County, Oklahoma, and for that reason did not have jurisdiction.

Affirmed.

ROMANG, P. J., and BOX, J., concur.