**Marsha R. DUNCAN, Petitioner,**

v.

**Frank H. SEAY, Judge of the District Court of Hughes County, Oklahoma, Respondent.**

**No. 49162.**

Supreme Court of Oklahoma.

March 2, 1976.

Huser, Huser & Smith, by Stanley Huser, Jr., Holdenville, for petitioner.

Gordon R. Melson, Ada, for respondent.

DOOLIN, Justice.

This is an original action wherein plaintiff Marsha Duncan seeks a writ of prohibition directed to the trial court seeking to prohibit it from relitigating the issue of child custody in a divorce proceedings instituted by her husband in Hughes County, Oklahoma.

The parties were married in Nevada and later moved to California where the female child, who is the subject of this action, was born. About five years ago the couple moved to Allen, Oklahoma, and lived there until, because of serious marital difficulties, Mrs. Duncan with the six year old child moved to the California home of her parents. At one time Mr. Duncan went to California and picked up the child, but he subsequently returned with her to California. While he was in California, Mrs. Duncan filed an application with the California courts asking for legal separation, a restraining order and custody of the child with a supporting declaration alleging possible harm to both her and her child. Mr. Duncan admits he was personally served with the summons and show cause order but upon receiving said summons and in direct violation of the order, he took the child and fled the jurisdiction, returning to Oklahoma.

On May 15, 1975, the California Court in conjunction with a judgment of legal separation gave sole care, custody and control of the child to Mrs. Duncan and ordered Mr. Duncan to immediately deliver possession of the child to her. Incidental to the litigation, the state of California issued a warrant for Mr. Duncan's arrest for child stealing.

In the meantime Mr. Duncan filed the present divorce action which included a request for custody of the child. Mrs. Duncan filed an application in the Hughes County Court on June 18, 1975, asking for a writ of habeas corpus for the return of her child, alleging she was being detained unlawfully. This action was continued and set for hearing October 8, 1975, in conjunction with the divorce proceedings for disposition of both causes.

Mrs. Duncan now applies to this Court to prohibit the Hughes County Court from relitigating the custody issue only. She does not seek to effect the disposition of any other question, but claims that as a matter of comity Oklahoma must recognize a valid and binding order or judgment of a sister state concerning child custody.

Mr. Duncan does not question the California domicile of Mrs. Duncan or its jurisdiction over her person. He claims, however, that neither he nor the child were at any time a domiciliary of California, thus the courts there did not have jurisdiction to make a valid custody award.

■ We do not feel the need to delve into the evasive question of the domicile of Mr. Duncan or the child. A court's finding of its own jurisdiction based on domicile in a suit for divorce or legal separation is binding upon the parties before the court if it has either passed on or had the opportunity to pass on the jurisdiction issue because the parties could have raised the question. *Sherrer v. Sherrer*, 344 U.S. 343, 68 S.Ct. 1087, 92 L.Ed. 1429 (1947); *Coe v. Coe*, 334 U.S. 378, 68 S.Ct. 1094, 92 L.Ed. 1451 (1947).

In *Sherrer* the question was the effect to be given an adjudication by a court that it possessed requisite jurisdiction where the judgment of that court was later subjected to collateral attack in another state on jurisdictional grounds. The Court held due process does not demand that a party be afforded a second opportunity to litigate the existence of jurisdictional facts. In *Coe* an attempted redetermination of jurisdiction of a Nevada court by a Massachu-

setts court was void as a denial of full faith and credit to a Nevada divorce decree.

The Court in *Johnson v. Muelberger*, 340 U.S. 581, 71 S.Ct. 474, 95 L.Ed. 552 (1951) in referring to *Sherrer* and *Coe* stated at page 477, it is clear from the foregoing that under our decisions, a state by virtue of the full faith and credit clause of the United States Constitution, must give full faith and credit to an out-of-state divorce by barring either party to that divorce *who has been personally served* or has entered a personal appearance from collaterally attacking the decree.

Ordinarily, the rule as pronounced in *Sherrer* should be applied in certain circumstances where the defendant does not actually appear in the proceedings of the sister state but is personally served in the jurisdiction. This application was followed in *In re Wynne's Estate*, 194 Misc. 459, 85 N.Y.S.2d 743 (N.Y.1948) where the New York Court held a defendant was bound by a Florida divorce decree even though he did not appear. He was in Florida when served with process and had complete opportunity to contest the jurisdiction. He elected not to make the contest. Having failed to make it, he could not, in the New York Court, raise the issue respecting service on him or deny the authority of the Florida Court to enter the decree.

■ Like the defendant in *Wynne*, Mr. Duncan claims he was enticed into the California jurisdiction in order that personal service could be had on him. However, he also did not remain in California to contest the service or the jurisdiction of the court. He could have litigated these questions there, but he did not choose to do so. He should not be rewarded for fleeing the jurisdiction instead of remaining and contesting the issues in a manner provided by law. Under these facts and circumstances he is not entitled to contest service or use lack of jurisdiction as a basis for asking an Oklahoma court for relief from the California judgment.

Although Mr. Duncan may not attack the jurisdiction of the California court, he could under certain circumstances be allowed to relitigate the custody question. Although we here hold the question of jurisdiction of the California court is res judicata and as such entitled to full faith and credit as any other adjudication, this is not to say that the judgment of actual custody is necessarily entitled to full faith and credit. In questions of child custody, full faith and credit must not be so rigid. This is a matter of comity and is controlled by our previous decisions.

In *Clampitt v. Johnson*, 359 P.2d 588 (Okl.1961), we held, "As a matter of comity, if a court of a sister state enters a valid and binding order or judgment concerning the custody of a child, and the child is brought into this state in derogation of such order or judgment, the courts of this state should not assume or exercise jurisdiction to relitigate the question of custody, unless the welfare of the child is in jeopardy or some other unusual circumstance exists." (Syllabus by the Court).

The Court further quoted from *Chapman v. Walker*, 144 Okl. 83, 289 P. 740 (1930) where we held, "Before the courts of this state will disregard a judgment of a court of a sister state awarding the custody of a minor child, it must be shown that the minor child was brought into this state *by a person having the lawful custody thereof.*" (Emphasis supplied).

This Court has recently applied the rule set forth in *Clampitt* to a case somewhat similar to the situation here. In *Application of Price*, 528 P.2d 1107 (Okl.1974) the husband filed an action in Oklahoma almost simultaneously with the wife's action in Arkansas. Both courts had jurisdiction of the parties, but because the child was properly in the jurisdiction of the Arkansas court when its custody order was entered, this Court held the doctrine of comity required acceptance of the custody order of the Arkansas court. Also see *Application of Caldwell*, 525 P.2d 641 (Okl.1974) and *Hollick v. McDaniel*, 401 P.2d 466 (Okl.1965).

Mr. Duncan brought the child to Oklahoma in direct derogation of the California court order. He at no time alleges or raises the question of the welfare of the child.

■ The only exception to the rule that the courts of this state will not relitigate child custody unless the child is lawfully and legally within the state is if the welfare of the child is in jeopardy. Therefore, since his application for divorce does not affirmatively show the welfare of the child is in jeopardy or any other unusual circumstance, an Oklahoma court may not relitigate the question of custody. If we would ignore a child custody decree of a sister state in these particular circumstances we would do nothing to discourage the ever present peril of vindictive actions of a parent, either contumacious where prohibited or criminal in nature in jurisdictions where such act is a crime. In either case we would encourage relitigation and forum shopping at the expense of the minor children involved.

■ We feel further constrained to say that the right to an immediate hearing on a Writ of Habeas Corpus should not be abrogated. It is an application for instant relief and should be heard with judicious promptness. 12 O.S.1971 § 1333.[1]

JURISDICTION ASSUMED: WRIT OF PROHIBITION GRANTED.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

IRWIN, J., dissents.

1. § 1333. Courts which may grant writ—Grant without delay.—Writs of habeas corpus may be granted by any court of record in term time, or by a judge of any such court, either in term or vacation; and upon application the writ shall be granted *without delay*. R.L.1910, § 4884. (Emphasis supplied).