Bula Mae GRUBBS, Petitioner,

v.

Stewart M. HUNTER, Judge of the District Court of Oklahoma County, Judicial District Number Seven, Respondent.

No. 51381.

Supreme Court of Oklahoma.

Nov. 15, 1977.

Rehearing Denied Feb. 1, 1978.

Porter H. Morgan, III, Legal Aid of Western, Oklahoma, Inc., Oklahoma City, for petitioner.

Robert C. Thompson, Oklahoma City, for respondent.

SIMMS, Justice:

Petitioner was granted a decree of divorce from her husband by the Circuit Court of Duval County, Florida, in 1970. The decree of divorce awarded petitioner the care, custody and control of the two minor children of the parties. Subsequent to the entry of the final decree of divorce, the father, Joe Estell Grubbs, filed a motion to modify the decree of divorce in the Florida Court and obtained visitation rights with the children in Oklahoma during portions of the summer months. The order of modification, however, continued the legal custody of the two minor children in petitioner.

It is undisputed that the two minor children have been in the custodial care of petitioner in Florida since the decree of divorce except for those summer periods when they came to Oklahoma for summer visitation with their father.

At the end of their six week visitation of the summer of 1977, the children were not returned to Florida and petitioner's request for return of the children was refused by their father.

On August 1, 1977, Joe Grubbs, a resident of Oklahoma (county) filed a motion to modify the Florida decree in the District Court of Oklahoma County seeking to obtain custody of the two minor children. Thereafter, on August 18, 1977, petitioner filed an application for a writ of habeas corpus seeking physical custody of the two minor children pursuant to the provisions of the aforementioned Florida decree of divorce. Respondent directed the hearing on Joe Grubb's motion to modify and petitioner's writ of habeas corpus be consolidated for hearing. After taking evidence, and

talking to the minor children, respondent Judge modified the Florida decree by vesting custody of the minor children in the father.

Petitioner asks this Court to assume original jurisdiction and issue a writ of prohibition against respondent Judge from further proceeding in the matter insofar as custody of the minor children is concerned, and to direct respondent Judge to vacate the order modifying custody of the children being placed with their father. Petitioner further requests this Court order respondent Judge to order the children delivered to petitioner.

Application to Assume Original Jurisdiction Granted. Petition for Writ of Prohibition Issue.

In his memorialized order modifying custody, respondent Judge found "both parents to be fit and proper parents," and further found the children to be of a sufficient age and intelligence to make their desires known to the court, "although the court finds their preference not controlling." The order of modification contains the conclusionary statement that there had been "a substantial change of condition affecting the welfare of the minor children and that the best interests and welfare of the children dictate that their custody should be awarded to the Defendant (father)." However, it is to be emphasized that the findings of fact and conclusions of law memorialized in the order changing custody are totally devoid of any findings which would indicate that the children would be in jeopardy if they were returned to the mother, and, as well, the order is devoid of any finding of fact indicating that any unusual circumstance existed which dictated that the custody of the children should be changed.

The petitioner argues that respondent Judge should not have assumed jurisdiction as a matter of comity, and that respondent had no jurisdiction to relitigate the issue of custody.

At oral presentation before this Court, neither the attorney for the father nor attorneys for the petitioner could recall or recite to this Court any evidence indicating that the welfare of the children would be adversely affected by the returning of the children to the mother, pursuant to the orders of the Florida Court.

In *Clampitt v. Johnson*, Okl., 359 P.2d 588 (1961) this Court set forth the following discussion from *Chapman v. Walker*, 144 Okl. 83, 289 P. 740 (1930), which is pertinent here:

"We must hold that the judgment of a court of sister state awarding the custody of a child will be sustained by the courts of this state *unless it is shown that the conditions affecting the welfare of the child have changed* since the judgment of the court of the sister state *and that the child is lawfully domiciled within this state. If the conditions have not so changed, then the judgment of the sister state will be sustained. If the child is not lawfully domiciled within this state, the judgment of the sister state will be sustained.* Before the courts of this state will disregard a judgment of a court of a sister state awarding the custody of a minor child, *it must be shown that the minor child was brought into this state by a person having the lawful custody thereof.* Otherwise, there could be no orderly administration of the law, judgment of the courts would be entitled to no respect, and a disappointed litigant, in order to procure another hearing, would need only to forcibly take the child into another state."

■ An exception to this general rule should be allowed by the courts of this state where the welfare of the child is in jeopardy or some other unusual circumstance exists. Therefore, if an application for modification of a divorce decree affirmatively shows that the welfare of the child is in jeopardy or some other unusual circumstance exists, the courts of this state should assume jurisdiction to determine the application on its merits instead of refusing to take jurisdiction, as a matter of comity. *Clampitt v. Johnson, supra.*

Respondent counters that the children were "domiciled" in Oklahoma, thereby giv-

ing respondent jurisdiction to enter the order changing custody of the children to the exclusion of the provision of the Florida decree. This conclusion is predicated upon the argument that the children were "lawfully" in the State of Oklahoma by reason of the rights of visitation in the father to be exercised in Oklahoma. In support of his argument, respondent relies upon *Remick v. Remick,* 204 Okl. 345, 229 P.2d 600 (1951), where this Court said:

"Under the first proposition there is authority to the effect that the presence of the child is sufficient to give the District Court jurisdiction of the proceedings notwithstanding the child's domicile is in Missouri. The correctness of the contention is not questioned."

█ There is nothing in the instant case to indicate that the children were in Oklahoma on any basis other than for temporary visitation. Although present in Oklahoma on a temporary basis, the children were domiciled in the State of Florida. An unequivocal statement of the law pertaining to the domicile of a child involved in divorce or legal separation of its parents is found in The Restatement, Conflict of Laws (1934) § 32, which reads:

"The minor child's domicile, in the case of divorce or of legal separation of its parents, is that of the parent to whose custody it has been legally given; if there has been no legal fixing of custody, its domicile is that of the parent with whom it lives, but if it lives with neither, it retains the father's domicile."

As it was stated in *Cox v. Paulson,* Okl. App., 534 P.2d 14 (1975):

"In Oklahoma as well as in other jurisdictions, it is a well recognized principle of law that the domicile or residence of the minor child whose parents have been divorced is the domicile of the parent to whose custody the child has been legally given."

█ Even though the children in the case at bar entered the State of Oklahoma lawfully, there is nothing in the record to indicate that they were here other than on a temporary basis as above mentioned. The Florida Court had jurisdiction over both the father and mother. The father, now a resident of Oklahoma, had personally appeared in the Florida Court and sought modification of that court's decree. The Circuit Court not only found it had jurisdiction of the parents, but also of the children. The children, therefore, were lawfully domiciled with their mother in the jurisdiction of Florida's Court. Therefore, respondent's contention is without merit because, in essence, finding of local domicile, of and in itself, does not vest nor divest an Oklahoma Court of jurisdiction to hear and modify valid extra-territorial child custody orders or decrees.

Even if we are to assume that because the children were lawfully in Oklahoma the court would have had jurisdiction to entertain a writ of habeas corpus or a motion to modify because of a "change in conditions". However, in this case the trial court's order cannot be sustained.

█ We have long subscribed to the rule that even where our courts may have jurisdiction, if child custody is the subject matter in controversy, the doctrine of comity will be recognized in this State and the question of custody not relitigated unless the welfare of the child is in jeopardy or some other unusual circumstance exists. *Clampitt v. Johnson, supra; Hollick v. McDaniel,* Okl., 401 P.2d 466 (1965). There is no indication from the order entered by respondent Judge nor was any fact indicated to this Court on oral presentation, that the welfare of the children, or either of them, would be in jeopardy with their mother. Neither, is there any indicia of unusual circumstance requiring the district court intervene and modify the custodial order entered by the Florida Court. See: *Application of Price,* Okl., 528 P.2d 1107 (1974), and cases cited therein.

█ *Duncan v. Seay,* Okl., 553 P.2d 492 (1976) is authority for the proposition that this Court will assume original jurisdiction and grant prohibition to prohibit the relitigation of the issue of child custody where there is custodial decree from a sister state,

unless there is a affirmative showing that the welfare of the child is in jeopardy or there exists some other unusual circumstance.

APPLICATION TO ASSUME ORIGINAL JURISDICTION GRANTED. PETITION FOR WRIT OF PROHIBITION GRANTED. TRIAL COURT DIRECTED TO VACATE ORDER MODIFYING FLORIDA CUSTODIAL DECREE AND RETURN THE CHILDREN TO PETITIONER.

HODGES, C. J., and DAVISON, WILLIAMS, BERRY, BARNES and DOOLIN, JJ., concur.

LAVENDER, V. C. J., and IRWIN, J., dissent.