**Robert W. BACHELOR, Petitioner,**

v.

The **DISTRICT COURT OF CREEK COUNTY, Streeter Speakman and Charles S. Woodson, Judges, Respondents.**

**In the Matter of the Application for Writ of Habeas Corpus Concerning Robert Wayne BACHELOR, Jr.**

**Robert Wayne BACHELOR, Appellant,**

v.

**Norma Lynne BACHELOR, now Norma Lynne Tyler, Appellee.**

**Nos. 51942, 51943.**

Supreme Court of Oklahoma.

Dec. 12, 1978.

Rehearing Denied April 23, 1979.

Jay R. Bond and Ed Morrison, Tulsa, for petitioner-appellant.

Jack B. Sellers Law Associates, Inc., April Sellers White, Sapulpa, for respondents-appellee.

WILLIAMS, Justice.

These matters both arise out of a lengthy and vigorously contested dispute over the custody of a son born in 1973 while the parents were living in California. Upon petition of the mother, the parents were divorced in the Superior Court of Orange County, California, on June 27, 1974, with the custody of the son being awarded to the father, and the mother to have reasonable rights of visitation, to be had in seven (named) counties of southern California.

On December 11, 1975, pursuant to a stipulation of the parties, the custody of the son was awarded to the parties jointly, with the mother to have physical custody and the father to have custody on alternating week ends and for three weeks during each of the three summer months. The father was to pay child support in the amount of $175.00 per month, and neither party was to remove the son from Orange County, California.

On August 24, 1976, after contempt proceedings initiated by the father, the custody order was changed to require that the son not be removed from the seven southern California counties named in the original decree.

About the first of November, 1976, the mother, without the consent or knowledge of the father, and without the approval of the court, moved to Oklahoma, taking the son with her.

The father thereafter again instituted contempt proceedings, and on January 10, 1977, after a hearing at which the mother appeared by her attorney but not in person, she was held to be in contempt of court for removing the son from California in violation of the prior order of August 24, 1976. About a month later the Orange County District Attorney was ordered to assist in the enforcement of the custody orders of the court, pursuant to the provisions of the California Civil Code, Sec. 4604(b).

Thereafter the father filed a motion for modification of the child custody order, due notice of which was served upon the mother in Oklahoma on October 26, 1977, and on December 8, 1977, the court entered an order granting custody of the son to the father. The mother did not appear, either in person or by an attorney, at hearing on the motion.

All of the proceedings above summarized were had in the original divorce case filed by the mother, No. D–79595, in the Superior Court of Orange County, California. It appears that during a part of the time before the mother left California, efforts at reconciliation were being made.

On December 20, 1977, the father filed a petition for writ of habeas corpus in the District Court of Creek County in which he asked, in effect, that the custody order of the Superior Court of Orange County, California, entered on December 8th, be enforced. After hearing on January 12th and 13th, 1978, at which both parties appeared and introduced evidence and exhibits, including the orders of the California court previously referred to herein, the trial judge rendered judgment refusing to grant the writ.

On February 10, 1978, the father filed in this Court an application to assume original jurisdiction and petition for alternative writ, No. 51942 in this Court. At the same time, he also filed an appeal from the judgment refusing to grant the writ, No. 51943. After briefs had been filed in No. 51942, and since the issues of law and of fact in both cases are the same, the parties, pursuant to an invitation of this Court, agreed that the briefs filed in No. 51942 might be considered as re-filed in No. 51943, which would then be considered as submitted for decision. For these reasons, the application to assume original jurisdiction, No. 51942, is hereby dismissed.

There is little dispute as to the applicable law. In *Clampitt v. Johnson*, Okl., 359 P.2d 588, this Court held:

"As a matter of comity, if a court of a sister state enters a valid and binding

order or judgment concerning the custody of a child, and the child is brought into this state in derogation of such order or judgment, the courts of this state should not assume or exercise jurisdiction to re-litigate the question of custody, unless the welfare of the child is in jeopardy or some other unusual circumstance exists."

The quoted rule from *Clampitt* has been discussed and followed in *Duncan v. Seay*, Okl., 553 P.2d 492, and *Grubbs v. Hunter*, Okl., 573 P.2d 699. See also *Hedrick v. Hedrick*, Okl., 571 P.2d 1217.

The brief of the mother in the case now before us consists largely of a discussion of the evidence in the light most favorable to her, and an attempt to show bad faith on the part of the father in connection with criminal charges of child-stealing filed in the Superior Court of Orange County, California. However, the record shows that those charges were signed by the father upon the advice of his California attorney and the District Attorney of Orange County.

It cannot be denied that the custody order of the Superior Court of Orange County was valid and binding, or that the mother took the son out of California in violation of that order.

After a careful review of the record before us, we can find no evidence that the welfare of the son would be jeopardized by the enforcement of the California custody order, or that any other unusual circumstance exists which would justify a refusal to enforce it. That being true, under the holding in *Clampitt*, it should be enforced as a matter of comity. The judgment of the District Court of Creek County in refusing to grant the writ of habeas corpus has the effect of "re-litigating" the question of the custody of the son by leaving custody with the mother in violation of the California order.

The judgment is reversed and writ of habeas corpus ordered issued as requested by the father.

It is further ordered, adjudged and decreed that a certified copy of this opinion be furnished to each the Sheriff of Creek County, Oklahoma, and the trial judge. Further, the trial judge is directed to issue and enforce by contempt proceedings, if required, such order or orders as may be necessary to effect the immediate delivery of the person of Robert Wayne Bachelor, Jr. to Robert Wayne Bachelor, the appellant herein.

LET THE WRIT ISSUE.

LAVENDER, V. C. J., and IRWIN, BARNES, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.

Rehearing Denied April 23, 1979.