## No. 16,437.

### CROCKER *v.* CROCKER.
(219 P. [2d] 311)

Decided May 29, 1950.

Mr. WARREN KENT ROBINSON, for plaintiff in error.

Mr. WM. RANN NEWCOMB, for defendant in error.

*En Banc.*

MR. JUSTICE ALTER delivered the opinion of the court.

THEODORE JOSEPH CROCKER, by his mother and next friend, Helen L. Crocker, filed a petition for a writ of habeas corpus, alleging that Theodore, a minor, was

unlawfully imprisoned, detained and confined by Morris R. Crocker. The writ was issued and served, and trial had to the court, resulting in the writ being made permanent, and custody was awarded the mother.

In the petition it is alleged that Theodore Joseph Crocker is seven years of age and the issue of the marriage between Helen L. Crocker and Morris R. Crocker. It further is alleged that Helen L. Crocker and Morris R. Crocker were married on or about May 10, 1941, at Jerseyville, Illinois; further, on August 24, 1945, Helen L. Crocker was granted a decree of divorce in the circuit court of the county of Madison, state of Illinois, and that said circuit court had jurisdiction over the person of respondent and over the question of custody of said child, who was then and there domiciled, as was Helen L. Crocker and Morris R. Crocker, in said county and state. It is further alleged that in said divorce decree it provided that "Helen L. Crocker have the care, custody, control and education of the children of said plaintiff (Helen L. Crocker and Petitioner herein) and defendant, to-wit: Theodore Joseph Crocker, born June 30, 1942, without any interference on the part of said defendant until the further order of this Court, subject, however, to reasonable rights of visitation upon the part of said defendant;" and it is further alleged that said decree is still in full force and effect. Further it is alleged that respondent wrongfully and contrary to the provisions of the divorce decree departed from the state of Illinois with said minor child and now holds him at respondent's residence in Denver, Colorado.

Upon motion of Helen L. Crocker, our district court entered an order commanding the Manager of Safety and Excise of the City and County of Denver to take the minor into his custody at the time of serving the writ of habeas corpus and to retain such custody until the further order of court.

The petition was filed, the order for detention was

made, an order for the writ of habeas corpus entered, and the writ issued, all on November 4, 1949, with the return date specified in the writ as November 7, 1949, at 10 o'clock A.M.

Respondent, in his return to the writ, admitted the marriage as alleged in the petition, and the birth and age of the minor; admitted the decree of divorce entered as alleged by Helen L. Crocker; and alleged "that on August 24, 1945 the Respondent and the said Theodore Joseph Crocker were not residents of the State of Illinois but on the contrary were residents and domiciled in the City and County of Denver, State of Colorado." and denied all other allegations in the petition contained.

"For a first and further defense," respondent alleged that on or about August 11, 1945, and for some time prior thereto, the minor was under the charge, custody and control of respondent in Jerseyville, Illinois; that on said date respondent, with the minor, left Illinois without intention to return thereto, and on August 13, 1945, established residence in Denver, Colorado, and since said time, and now are, residents and domiciled in said city; further that no testimony was ever taken by any court to determine the fitness or character of Helen L. Crocker to have custody of said child, and that the "decree entered subsequent to August 11, 1945, is of no effect and not entitled to faith or credit."

"For a second and further defense," it is alleged that the minor is over seven years and four months of age, a student in the public schools of Denver, and that the changed conditions of Helen L. Crocker and respondent are such as to warrant a full hearing to determine the custody which will be for the best welfare of said minor. Further it is alleged that the welfare, care, nurture, training, education and best interests of said child will best be served by his remaining in the custody of respondent. It also is alleged that respondent remarried on April 10, 1948, and is the owner of residence property in Denver, Colorado, free and clear of all en-

cumbrances, is steadily employed, and is in all respects a proper person to have the permanent and exclusive custody of said child.

Respondent filed his motion to dismiss the proceedings upon the following grounds:

1. The petition fails to state a claim upon which relief can be granted. 2. The full faith and credit provisions of the Constitution of the United States is inapplicable. 3. Failure of petitioner to state that there have been no changes in the circumstances and conditions of the parties, and 4. Failure to allege that petitioner is a fit and proper person, and that respondent is not a fit and proper person, to have the custody of the child. 5. Failure of petitioner to state that the welfare and best interest of the child will best be served by the granting of the custody of the minor child to Helen L. Crocker. This motion to dismiss was denied.

Helen L. Crocker testified that in 1945, as well as at present, she resides at Jerseyville, Illinois, is twenty-eight years of age, and was married to respondent on May 10, 1941; also that Theodore Joseph Crocker, the minor, was born June 30, 1942; further that in August, 1945, she filed an action for divorce against respondent, and that a divorce decree in her favor was entered August 24, 1945. An exemplified copy of the decree was offered and received in evidence. She further testified that on August 21, 1945, respondent requested permission, and she assented thereto, to take the minor child overnight to visit one of respondent's sisters living in the neighborhood of Jerseyville, Illinois, and that from that time until shortly before November 7, 1949, she had not seen her son and knew nothing concerning his whereabouts or welfare, until she was advised by a private detective that he was with respondent in Denver, Colorado. She immediately repaired thereto for the purpose of obtaining custody of her son. At the time Theodore Joseph Crocker was removed from his mother's custody in Jerseyville, Illinois, he was living

with her in an apartment there, and, while the mother worked, was in the care of an aunt, who was then about fifteen years of age.

Eileen Kadell was petitioner's sister, and she testified in substance the same as did Helen L. Crocker.

At the conclusion of the petitioner's evidence, and after the denial of respondent's motion to dismiss, counsel for respondent made a statement to the court, probably intending thereby to indicate what evidence he expected to offer in support of his client's contention that he was entitled to the custody of the minor. Generally it may be inferred from this statement that respondent expected to prove that, excepting for a period of about one year, he had had the custody and control of the child, and that during that one year the child had been in the custody of Helen L. Crocker's parents, who were then having domestic difficulties; that respondent had cared for the physical needs of his child, and that on either August 11, 12 or 13, he left Illinois with him and came to Denver, having previously notified the child's mother that he was leaving Illinois; that on arriving in Denver he purchased a house in his own name and had had several automobiles licensed in his name; that he was a licensed plumber, having been employed in Denver by one employer from September 3, 1945; also that he had the reputation of maintaining the child properly and was regarded in the neighborhood as a good father.

At the conclusion of this statement, petitioner's attorney moved for judgment in her favor on the ground that the statement of respondent's counsel and the proof which would be offered in support thereof would constitute no legal defense. Whereupon the court, after rather an extended argument, in which both counsel participated, granted the motion for judgment and forthwith ordered that Theodore Joseph Crocker be placed in the care, custody and control of his mother, entered judgment accordingly, dispensed with a motion

for new trial, and stayed the execution of the judgment in order that the case might be presented here for review.

Subsequently and on November 12, after the entry of judgment on November 7, 1949, respondent's attorney appeared in court and stated that respondent wished to make an offer of proof. No witness was called or sworn, and this request was denied. Subsequently and on December 1, 1949, respondent petitioned the court "for leave to file motion for new trial," which petition was granted, and thereafter on December 15, 1949, the motion for new trial was filed, in which was alleged irregularities in the divorce action in Illinois, which, it is contended made the decree absolutely void so far as the same affected the custody of the minor, as follows:

1. Respondent and the minor were not residents of Illinois on August 24, 1945, when the divorce complaint was filed, but on that date were residents of the State of Colorado, and, therefore, the Illinois court had no jurisdiction, and its decree was void and of no effect. 2. The trial court's error in refusing to grant respondent's motion to dismiss the petition filed herein, and, 3. Refusal to grant respondent permission to produce evidence in support of his return to the writ of habeas corpus.

This motion for a new trial was supported by affidavit of the respondent, and a counter-affidavit of Helen L. Crocker in opposition thereto also was filed, and with it were certain exhibits, one being a document entitled "Memorandum of Agreement" between Helen L. Crocker and respondent, dated August 8, 1945, pertaining to a settlement of their property rights and the custody of the minor child. This agreement, among other things, provided: "The custody of Theodore Joseph Crocker, aged 3 June 30, 1945, shall be in Helen L. Crocker subject to reasonable visitation upon the part of Morris R. Crocker consisting of one days visit each week being adjustable to longer periods of time so long as Morris R.

Crocker is in the armed services." It was further provided that respondent should pay Helen L. Crocker four dollars a week for the support of the minor, and each party was to pay a specified sum as attorney's fees and court costs.

There appears in the record in the divorce action an exhibit of which the following, omitting caption, is a copy:

"I hereby enter my appearance in the above entitled cause as Defendant therein, and expressly waive the necessity of process of summons and consent that the same proceedings may be had therein, as fully and with the same force and effect as though I had been duly and regularly served with process of summons therein in the State of Illinois, at least 20 days prior to any return day designated by the Plaintiff herein or as provided by law.

"I further consent that immediate default may be taken and entered therein against me upon the filing of this appearance or at any time thereafter, and that an immediate hearing of said cause may be had without further notice.

"Dated this 8th day of August A. D. 1945.
(Verification)                                    Morris R. Crocker."

On August 24, 1945, there was filed in the divorce action an affidavit as to military service, the pertinent parts of which, omitting caption, are: "I, Morris R. Crocker, make oath and say as follows: 1. My age is 28 years, my residence Jerseyville, Illinois and my occupation Shell Oil Company. 2. I am the defendant in the above entitled action and as such have full knowledge of the facts relating thereto. 1. * * * 2. Said defendant is not in the military service of the United States. 3. * * * 4. I further state that I have entered my appearance in the above entitled cause; I am now a civilian and an employee of the Shell Oil Company at Wood River, Illinois and I further state that in the event that at the time of the entry of a Decree for Divorce in

this cause I am in the armed services of the United States, it is my intention to waive the benefits of the Soldiers and Sailors Civil Relief Act insofar as said Act provides that no default may be entered against me. Subscribed and sworn to before me this 8th day of August, 1945.

Mildred Winter
Notary Public                                    Morris R. Crocker"

Respondent offered, and there was received in evidence, a certified copy of the complaint for divorce, with Helen L. Crocker, plaintiff, and Morris R. Crocker, defendant, based on the grounds of cruelty, and in which the custody of the minor child was sought by the plaintiff therein, indicating that the action was commenced on August 24, 1945; also copy of the entry of appearance above set out, and the affidavit as to military service; also part of the records of the court having jurisdiction in the divorce action, indicating that defendant had filed no answer and that witnesses were sworn and evidence heard by the court. It was adjudged, as we have said, that plaintiff was entitled to a decree on the grounds of cruelty, and the custody of the minor child was awarded to her, together with support money to be provided by respondent at the rate of four dollars per week, and a decree to this effect was entered.

It is undisputed that the minor child was in respondent's custody on August 24, 1945. Respondent, by his entry of appearance, was then within the jurisdiction of the Illinois court, giving that court jurisdiction to enter and enforce orders against him personally and concerning the minor child then in his custody. By the memorandum of agreement hereinbefore set out, it is conclusively established that on August 8, 1945, matrimonial difficulties existed between Helen L. Crocker and respondent, and in the solution of these difficulties respondent conceded the care, custody and control of the minor to Helen L. Crocker. It is an inescapable

conclusion that if he had the proper parental interest and consideration for his minor son, this concession would not have been made if he had not then taken into consideration the child's welfare and determined that it would be best served by its mother's care and attention. We are of the opinion that it must be assumed from the exhibits set out in the record that the Illinois court heard evidence as to the welfare of the child, and from it determined that the minor's welfare would be best safeguarded by awarding its custody to Helen L. Crocker. The record considered, we think it inescapable that respondent's sudden determination to leave Illinois with the minor was for the purpose of evading any orders respecting the child's custody and control which might be entered by the court in the divorce action, and it is inconceivable that one who had a proper regard for his child's welfare would keep its whereabouts concealed from the mother for four and a half years, unless it was to evade orders which might properly be made for the child's custody. The record lacks detail as to the efforts made by Helen L. Crocker to discover the whereabouts of her son, but it is not denied that for four and a half years, and until a detective was retained by her to do so, she knew nothing concerning her son. If respondent's conduct respecting the minor child is here approved, we would sanction and reward one who fled from one jurisdiction into another to evade the orderly process of the court which he conceded had jurisdiction, not only with reference to matrimonial differences but also as to the care and custody of his child, and this conduct does not appeal to us as one deserving commendation.

In *McMillin v. McMillin,* 114 Colo. 247, 158 P. (2d) 444, we had a situation factually comparable to that presented in the instant case, and while there the element of time was relatively short, nevertheless action was expeditiously taken by the one having lawful authority for the care and custody of the minor child,

while here, by reason of respondent's actions alone, Helen L. Crocker was long delayed in her action, yet upon learning the whereabouts of her minor son, she was as expeditious as was the petitioner in *McMillin v. McMillin.* Our decision in the McMillin case is determinative of the legal problem presented in the present litigation, and obviates the necessity of discussing other decisions in this jurisdiction. Without reference to the provisions of the full faith and credit clauses in the federal Constitution, we hold that under the evidence before us the Illinois court, in which the divorce decree was granted, had jurisdiction to determine who should have the care and custody of the minor child, taking into consideration its welfare, and that respondent, by reason of his conduct in taking the child from Illinois, is not in position, in Colorado, to insist that the courts in this jurisdiction change or modify the conditions of the Illinois court decree. Respondent's relief, if any is to be accorded him, must first be sought in the court to the jurisdiction of which he submitted his marital difficulties, as well as the question of the care, custody and control of the minor. By his appearance in the divorce action in the Illinois court, respondent irrevocably admitted the jurisdiction of that court and consented that it might make proper orders regarding the care, custody and control of the minor.

The judgment is affirmed.