## CROCKER v. CROCKER.

No. 4370.

United States Court of Appeals Tenth Circuit.

March 19, 1952.

William Rann Newcomb, Denver, Colo., for appellant.

No appearance for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

HUXMAN, Circuit Judge.

This is an appeal by Helen L. Crocker, plaintiff below, from the judgment of the trial court, dismissing her complaint for failure to state a cause of action. For the purpose of considering the correctness of the court's ruling, all facts of the complaint well pleaded must be taken as true.

The complaint alleged that plaintiff and defendant, Morris R. Crocker, were husband and wife; that they were the parents of Theodore Joseph Crocker; that on August 8, 1945, they entered into a written separation agreement, which among others, provided that the custody of Theodore Joseph Crocker, then three years old, should be given to plaintiff, subject to reasonable visitation upon the part of defendant, Morris R. Crocker; that the minor child, together with its parents, was domiciled in Madison County, Illinois; that on August 24, 1945, plaintiff was granted a divorce in the Circuit Court of Madison County, Illinois; that said court had jurisdiction over the parties to the action and had jurisdiction to determine the custody of the minor child; that the decree of the Illinois Court awarded custody of the minor child to plaintiff.

The complaint further alleged that on August 23, 1945, anticipating the custodial order and in violation of their agreement, by means of deceit and trickery, and without knowledge or consent on plaintiff's part, defendant unlawfully and forcibly removed the minor child from the State of Illinois, without intent to return, and concealed his whereabouts from plaintiff. The complaint set out the efforts and expenses incurred by plaintiff, including the expense of a habeas corpus proceeding in the Colorado Courts[1] to recover possession of the child, in the amount of $2,000. The complaint alleged that plaintiff was deprived of the custody, possession and companionship of her child, had suffered outrage, insult and humiliation to her damage in the additional amount of $8,000, for all of which she prayed judgment. The separation agreement and judgment of the Illinois Court were introduced in evidence before the trial court below. On August 24, the day on which the decree of divorce was entered, there was filed in the Illinois Court defendant's entry of appearance, waiving the issuance of summons and submitting himself to the jurisdiction of the court. On the same day, there was also filed in court defendant's affidavit as to military service, stating that he was a resident of Jerseyville, Illinois; that he was an employee of the Shell Oil Company at Wood River, Illinois, and that he was not in the military service of the United States.[2]

The trial court filed no opinion and assigned no reasons of record for its conclusions. From a narrative statement of facts in the abstract, it appears that the grounds of its judgment were that at common law the father was entitled to the custody of his minor children and that appellant, therefore, had no cause of action against him, if he took the child from her, as he did, before the decree awarding its custody to the wife was entered. The court seems to have taken the further view that appellant could not base her cause of action on the separation agreement, since by necessary implication the separation agreement was subject to the approval of the divorce court in the contemplated divorce proceeding and independently did not create any right in the mother for custody of the minor child.

At common law the father was the custodian of the minor children. The common law inhibition against the right of a husband and wife to contract with each other has been generally removed. The modern trend is to hold that a husband and wife may contract with each other with respect to the custody of their minor children and that such contracts will be binding upon them and will be enforced in court, unless the court finds they are detrimental to the welfare of the child.[3] While it does

1. See Crocker v. Crocker, 122 Colo. 49, 219 P.2d 311.

2. The facts with respect to the non-military service affidavit are taken from the statement of facts in the opinion of the Colorado Supreme Court in Crocker v. Crocker, supra.

3. 39 Am.Jur. § 29, p. 621; 67 C.J.S., Parent and Child, § 11(3), p. 645; Messmer v. Messmer, Mo.App., 222 S.W.2d

not appear whether the contract was called to the attention of the Illinois Court, it did dispose of the custody of the minor child in conformity with the provisions of the separation agreement. Until it was established in a court of competent jurisdiction that the disposition made of the child's custody by the contract was not for its best interest, the contract was binding between the parties thereto.

Furthermore, the Illinois Court had jurisdiction of the parties to the divorce action. At the time of the execution of the separation contract, the parties were legally domiciled in the State of Illinois and within the jurisdiction of the trial court. Appellee entered his voluntary appearance in that action and waived the issuance of summons and submitted himself to the jurisdiction of the court. A few days before the adjudication of the divorce action, he surreptitiously obtained possession of the child, absconded with it and concealed its whereabouts, to escape, as he thought, the binding effect of the divorce decree, which he anticipated would follow. In the habeas corpus action in Colorado, he sought to escape the effect of his agreement and the judgment of the Illinois Court by attempting to establish that his wife was not a proper person to have custody of their minor child. The Colorado Court refused to permit him to do this. This he should have done, if he was acting in good faith, in the Illinois Court to whose jurisdiction he voluntarily consented.

The Illinois Court had jurisdiction of the parties and of the subject matter, including the custody of the minor child, and appellee could not defeat that jurisdiction by fleeing with the child a few days before the divorce decree was entered. Colorado recognized the validity of the Illinois judgment with respect to the custodial disposition of the minor child in Crocker v. Crocker, supra.[4]

521; Edleson v. Edleson, 179 Ky. 300, 200 S.W. 625, 2 A.L.R. 689; Tiffany & Co. v. Spreckels, 202 Cal. 778, 262 P. 742.

4. See also Maloney v. Maloney, 67 Cal.App. 2d 278, 154 P.2d 426; Conley v. Conley,

The judgment appealed from is reversed and the cause is remanded with directions to reinstate the complaint and proceed in conformity with the views expressed herein.

324 Mass. 530, 87 N.E.2d 153; Little v. Little, 249 Ala. 144, 30 So.2d 386, 171 A.L.R. 1399; Roberts v. Roberts, 300 Ky. 454, 189 S.W.2d 691; White v. White, 77 N.H. 26, 86 A. 353.