Paula D. GREENHOUSE, Executrix of the
Estate of Roy St. Lewis, Deceased,
Petitioner,

v.

Hon. Rudolph HARGRAVE, Judge of the
District Court of Seminole County, Okla-
homa, Seminole Division, Respondent.

No. 44887.

Supreme Court of Oklahoma.

May 8, 1973.

Hicks Epton, of Horsley, Epton & Culp, Wewoka, for petitioner.

Bishop & Wantland, by William C. Wantland, Seminole, for respondent.

HODGES, Justice.

This is an application for extraordinary relief against respondent, Judge of the District Court of Seminole County, Oklahoma, by prohibition and mandamus. Petition, substituted representative of deceased defendant, seeks to enjoin further proceedings in Seminole County wherein plaintiffs seek recovery of attorneys' fees accrued from handling certain Indian claims.

In 1946, the Seminole Indians were seeking counsel to prosecute various claims against the United States. Two attorneys, (Rodgers and Grounds) were involved in preliminary negotiations. Rodgers was instrumental in arranging for Roy St. Lewis, Washington, D. C. to appear before the tribal council in Oklahoma. On October 21, 1947, tribal representatives signed an employment contract with St. Lewis, who advised the council the two attorneys named would be associated with him in representing the Seminoles. Contemporaneously St. Lewis addressed the following letter to these attorneys:

> "This will confirm our conversation as of this date, relative to the Attorneys' Contract with the Seminole Tribe of Indians. If and when the contract of employment is approved by the U. S. Indian Commissioner. I will agree to associate these two gentlemen with me in connection with these claims, realizing that much of the investigation will be conducted in Seminole County, and of course final presentation will be made in Washington, D. C."

The contract with the Seminoles was approved on December 8, 1947, by the Secretary of Interior.

Thereafter the attorneys did associate themselves with St. Lewis handling the

Washington aspects and Rodgers and Grounds looking after the local phases.

When the Oklahoma attorneys learned they were not to share equally in the attorney fees, they brought suit in Washington in Federal Court on March 4, 1966, for recovery of their share of ⅓ each of the 10% contingent attorney fees, allegedly due them under their agreement with St. Lewis. Later, they filed an identical suit in the District Court of Seminole County on April 4, 1966.

Defendant moved the federal court for partial summary judgment denying relief, and for retention of jurisdiction to determine compensation due plaintiffs, if any, upon quantum meruit basis for any services rendered. Partial summary judgment was granted, September 28, 1966. The court found that as a matter of law there was no basis either in the letter of October 21, 1947, addressed to plaintiffs, Rodgers and Grounds and signed by defendant, St. Lewis, oral agreements of the parties, or otherwise, for implying a contract to share one-third each with the plaintiffs any attorneys' fees to be awarded to defendant, St. Lewis, in Seminole Indian litigation in the Indian Claims Commission. It held that plaintiffs were to be paid by St. Lewis on a quantum meruit basis for any work that they may have actually rendered at his request.

Service was obtained by the District Court of Seminole County, upon Roy St. Lewis during his lifetime pursuant to the provisions of the Order Directing Mode of Service executed by Judge Hargrave and filed in the Seminole County case on March 14, 1967. Subsequent to the time the Federal Court had rendered partial judgment, service was obtained with the provisions of 12 O.S.A. 1702.01(a)(5) (the long arm statute).

Petitioner asserts that the District Court of Seminole County could not acquire jurisdiction over Roy St. Lewis under the long arm statute, and that a prior suit brought by the same plaintiffs is pending in another jurisdiction, as the basis for granting a Writ of Prohibition against the District Court.

We will assume, for the purpose of this opinion, that the District Court of Seminole County acquired jurisdiction of the parties by virtue of the long arm statute.

The real problem presented by the application for writ involves full faith and credit, the finality of a partial summary judgment, and judicial comity.

■ Judgments of the courts of the territories and dependencies of the United States, when properly authenticated, stand on the same footing as those of the courts of a state; are conclusive, and equally entitled to full faith and credit in all courts within the United States whether state or federal. Perkins v. Benquet Consol. Mining Co., 55 Cal.2d 720, 132 P.2d 70 (1942), cert. denied 319 U.S. 774, 63 S.Ct. 1435, 87 L.Ed. 1721; Franklin Nat. Bank v. Krakow, 295 F.Supp. 910 (D.C.D.C.1969), 28 U.S.C.A. § 1738. However, a judgment rendered in one state is entitled to full faith and credit only if it is a final judgment. A judgment is final only if it is not subject to modification in the state in which it was rendered. Hendrix v. Hendrix, 160 Conn. 98, 273 A.2d 890 (1970).

■ The judgment in the case at bar leaves open the question of attorney fees based on quantum meruit. The purpose of a judgment is to settle a controversy. To do so it must be definite and certain, comprehending clearly the relief sought and granted and the final determination of the rights of the parties to the action. Panton v. Lee, 261 F.2d 183 (C.A.10th Cir. 1958).

■ The issuance of a "partial summary judgment", is authorized by Rule 56(d) of the Federal Rules of Civil Procedure, Title 28 U.S.C.A. The notes of the advisory committee on amendments to the rules, in referring to Rule 56(d) state that "a partial summary judgment" is not a final judgment. As Moore points out in his treatise on federal practice, a more accurate description of the action taken by a court pursuant to Rule 56(d) would be an "interlocutory summary adjudication" or as

suggested in several cases a "pre-trial order". Such action by the court is non-appealable prior to the entry of a final judgment in the case, in the absence of a specific statute authorizing an appeal. Wynn v. Reconstruction Finance Corp., 212 F.2d 953, 955, 956 (C.A.9th Cir. 1954).

■■ The draftsmen of Federal Rules in providing for partial summary judgment were attempting merely to speed up the trial by eliminating what were not deemed proper issues. A partial summary judgment granted under federal rule is not a final judgment. Leonard v. Socony-Vacuum Oil Co., 130 F.2d 535 (C.A.7th Cir. 1942). Res judicata is not applicable to a partial summary judgment. Coffman v. Federal Laboratories, 171 F.2d 94, 98 (C.A.3rd Cir. 1948).

■ Full faith and credit does not apply because the partial summary judgment was not a final judgment.

■ At least in actions in rem or quasi in rem, it is the established doctrine that, as between state and federal courts of coordinate jurisdiction, the court, whether state or federal which first acquired jurisdiction, will retain that jurisdiction until the final termination of the controversy. Howard v. Owens, 142 Okl. 82, 285 P. 5 (1930); 21 C.J.S. Courts § 529.

■ It is well settled that where two actions involving the same cause of action are pending in a state and a federal court, and are within the concurrent jurisdiction of each, both actions in so far as they seek relief in personam, may proceed simultaneously. When one action has gone to final judgment, that judgment may be set up as a bar in the other action under the doctrine of res judicata. Guardian Life Ins. Co. of America v. Kortz, 151 F.2d 582, 585 (C.A.10th Cir., 1945). Guardian is also cited in Hyde Construction Company v. Koehring Company, 388 F.2d 501 (C.A. 10th Cir. 1968), a case involving recovery for breach of contract filed in state court in Mississippi and federal court in Oklahoma. The court held that both actions could proceed because the action was designated as being in personam.

The jurisdiction of the district court in Washington, D. C. was invoked by the plaintiffs, Rodgers and Grounds. Under the facts and circumstances in the case at bar, the determining factor is not whether the District Court of Seminole County has jurisdiction as a matter of law, but whether or not the District Court of Seminole County should assume or exercise jurisdiction as a matter of judicial comity.

■ The doctrine of "comity" between courts stands for the premise that one court should defer action on causes properly within its jurisdiction until courts of another sovereignty with concurrent powers and already cognizant of the litigation, have had opportunity to pass upon the matter. Darr v. Burford, 339 U.S. 200, 70 S. Ct. 587, 94 L.Ed. 761 (1950).

■ Under the doctrine of comity, a court should ordinarily decline to entertain jurisdiction of a matter where there is an action already pending in a convenient and competent forum of a sister state to which the parties may apply, and where exercise of jurisdiction by the second court might lead to confusion and conflicting orders. Moody v. Branson, 192 Okl. 327, 136 P.2d 925, 926 (1943).

■ Judicial comity is not a rule of law, but one of practical convenience and expediency. It is based on the theory that when a court has jurisdiction, its jurisdiction will not be interfered with during the continuance of its jurisdiction by another court of a foreign jurisdiction, unless it is desirable that one give way to the other. Clampitt v. Johnson, 359 P.2d 588, 592 (Okl.1961).

■ The action on the contract is an in personam action and could be permitted to proceed simultaneously. However, the respondents of their own accord first invoked the jurisdiction of the federal court. For the reasons expressed in the opinion, we assume original jurisdiction and prohibit the District Court of Seminole County

from proceeding further in this action pending the outcome of the litigation in Washington, D. C.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, LAVENDER, BARNES, SIMMS, and DOOLIN, JJ., concur.