Catherine V. HEDRICK, Appellant,

v.

William Walter HEDRICK, Appellee.

No. 48542.

Supreme Court of Oklahoma.

Nov. 8, 1977.

Rehearing Denied Dec. 14, 1977.

C. Rabon Martin, Baker, Baker & Martin, Tulsa, for appellant.

Kenneth Reed, Perry, for appellee.

SIMMS, Justice:

This appeal arises from a decree of divorce entered in Noble County, Oklahoma, which awarded the custody of the minor daughter of the parties to appellee-father and the custody of their minor son to appellant-mother.

Approximately six months after the decree was entered, appellant formally requested the trial court to review the custodial aspect of the decree, seeking custody of both children. The motion to review was heard by the trial court and denied.

The parties were married in February, 1970, at Point Reyes, Marin County, California, while the father was in the Navy and the mother, a student at the University of San Francisco. After completion of the

1970 spring semester of college, the couple moved into the home of appellee's parents in Wichita, Kansas. After a brief stay in Wichita, appellant-mother returned alone to San Francisco where her husband later rejoined her. After living together a short time in appellant's San Francisco home, the couple moved into an apartment. However, it was not long until the appellant and appellee returned together to Wichita to again live with the husband's parents.

After moving two more times, the parties lived in Shiprock, New Mexico for a short period of time. In the interim, appellee's parents moved from Wichita to Perry, Oklahoma. Appellant and appellee then moved to Perry, again into the husband's parents' home. They lived there briefly, then moved to Enid, Oklahoma. While residing in Enid, the appellant filed an action for divorce in Garfield County wherein she sought custody of the two minor children. Appellant, however, then moved away from Enid, first moving to Perry with her in-laws and then returning to California, leaving the Garfield County divorce case unresolved.

Some six to seven months after returning to California, appellant commenced an action in the Superior Court of California, County of San Francisco, for dissolution of the marriage and to obtain legal custody of the two children, who, at the time the California action was commenced, were in appellant's physical custody in California.

After commencement of the California dissolution action and before service was had on the husband in those California proceedings, the appellant returned to Wichita for the purpose of attempting a reconciliation with her husband. After a short period of again cohabiting with her husband in both Wichita and Perry, appellant returned to California with her son, leaving her daughter with the appellee-father. The daughter was left behind with the understanding that after a brief period of visitation with her paternal grandparents in Perry, appellee would return the little girl to California, where it was hoped appellant and appellee would resume their marriage.

However, when appellant returned to California, she wrote to appellee in Wichita telling him that she was going to go ahead with the California proceedings. Appellee then filed the instant action in the District Court of Noble County on September 3rd, seeking divorce and custody of both children, age 1 & 3. Service by publication was commenced. On September 6th, service in the California dissolution action was had on appellee by serving him personally in Wichita. Thereafter, on October 15th, a default interlocutory decree of divorce was entered in the California court which granted custody of both children to appellant.

The following day, habeas corpus proceedings were held in the District Court of Noble County in which appellant, relying upon the California Interlocutory Decree, sought custody of her daughter. After denial of habeas corpus, the mother entered an appearance in the Noble County divorce proceedings requesting, inter alia, that she be awarded custody of the children. From that portion of the trial court's decree awarding custody of the daughter to the father, appellant seeks review.

It is to be emphasized that at the time the California Interlocutory Decree which placed custody of both children in appellant was entered on October 15th, there existed no temporary custodial award in any judicial proceedings in the State of Oklahoma. Also, at the time the California dissolution proceedings were commenced the girl was living with her mother in the State of California, although on the date of the California Interlocutory Decree, she was physically present in Oklahoma. It is vital to the resolution of this case to note that at the time the Noble County divorce proceedings were commenced by the father, the daughter was in this jurisdiction for the purpose of visitation and not for the purpose of establishing domicile or residence.

For reversal, appellant urges five propositions of error. However, we deem it necessary to treat but one of the allegations: that the trial court erred in failing to give full faith and credit to the California Decree.

Article 4, § 1, of the Federal Constitution, provides that full faith and credit shall be given in each state to the records and judicial proceedings of every other state, and 28 U.S.Code, § 1738, provides that the records and judicial proceedings of any court of any state, territory, or possession of the United States shall have the same full faith and credit in every court within the United States and its territories and the possessions as they have by law or usage in the courts of such state, territory, or possession from which they are taken.

By reason of Article 4, § 1, and the above referenced section of the United States Code it has been held in a number of states that child custody awards by courts of sister states are entitled to full faith and credit. The doctrine requires the forum state to give the decree "the same full faith and credit" that it would receive in the sister state.

However, the United States Supreme Court, as well as many state courts, have left undecided the question of whether full faith and credit clause applies to custody awards by courts of sister states. *New York ex rel. Halvey v. Halvey,* 330 U.S. 610, 67 S.Ct. 903, 91 L.Ed. 1133 (1947); *Kovacs v. Brewer,* 356 U.S. 604, 78 S.Ct. 963, 2 L.Ed.2d 1008 (1958); *Ford v. Ford,* 371 U.S. 187, 83 S.Ct. 273, 9 L.Ed.2d 240 (1962); *Crocker v. Crocker,* 122 Colo. 49, 219 P.2d 311 (1950); *People ex rel. Bukovich v. Bukovich,* 39 Ill.2d 76, 233 N.E.2d 382 (1968); *Jones v. Jones,* 349 Mass. 259, 207 N.E.2d 922 (1965).

■ Oklahoma, along with many other courts, has adhered instead to the doctrine of comity, holding that a court may, in its discretion, grant extraterritorial effect to a sister state's custody award under appropriate circumstances without going so far as to hold a sister state's custody award binding as a matter of right under the full faith and credit clause. *Chapman v. Walker,* 144 Okl. 83, 289 P. 740 (1930); *Remick v. Remick,* 204 Okl. 345, 229 P.2d 600 (1951); *Clampitt v. Johnson,* Okl., 359 P.2d 588 (1961); *Application of Price,* Okl., 528 P.2d 1107 (1974). The rule of comity was enunciated by this Court in *Clampitt, supra :*

"The general rule appears to be that if a court of a sister state enters a valid and binding order or judgment concerning the custody of minor children, such order or judgment will be recognized by the courts of this state as a matter of comity, and the courts of this state will not assume or exercise jurisdiction to relitigate the question as to custody unless the child or children are lawfully and legally within this state. If such were not the general rule, there could be no orderly administration of the law, judgments of courts would be entitled to no respect, and any disappointed litigant, in order to procure another hearing, would need only to forcibly take a child into another state.

"However, an exception to the general rule should be allowed by the courts of this State where *the welfare of the child is in jeopardy or some other unusual circumstance exists.* This Court has consistently held that in determining the custody of children, in a divorce action, the welfare of the child is the paramount consideration. Therefore, if an application for modification of a divorce decree should affirmatively show that the welfare of the child is in jeopardy or some other unusual circumstance exists, the Courts of this State should assume jurisdiction to determine the application on its merits instead of refusing to take jurisdiction, as a matter of comity."

*Clampitt, supra,* was followed by this Court in *Application of Price, supra,* where we stated "where child custody is the subject matter, the doctrine of comity will be recognized in this State and that question not relitigated unless the child is lawfully and legally within this state. Again, there is an exception to the comity doctrine where the welfare of the child is in jeopardy or some other unusual circumstance exists."

Although the transcript of evidence in this case contains many allegations of misconduct directed by each spouse toward the other, the record is devoid of any evidence indicating unfitness on the part of the

**1220**

mother. Neither does the transcript contain any finding by the trial court that the mother was an unfit person to have the custody of both children, or that the welfare of the daughter would be in jeopardy or that her mental, physical, or temporal welfare would be adversely affected if she were to remain in custody of appellant. The formalized decree of divorce, contained in the record, recites: "The Court further finds that both the plaintiff and defendant are each entitled to a decree of divorce upon the grounds of incompatibility."

■ The situation in this case is somewhat unusual from the prior decisions of this Court in which children were unlawfully brought into the State of Oklahoma and thereafter proceedings to obtain custody were commenced in a district court. In the instant matter, the daughter entered the state lawfully by reason of the mother's consent to the child's visitation with the father-appellee and the paternal grandparents. We do not, nor does appellant, question the jurisdiction of the District Court of Noble County over the person of the child or the jurisdiction of the court over the mother and father. Assuming, arguendo, that the District Court of Noble County properly had jurisdiction of the child as well as its parents, the court should nonetheless have applied the rule of comity because of an absence of any showing that the mother's custody of the daughter would in any way be detrimental to or jeopardize the welfare of the child. The refusal to grant comity to the Interlocutory Decree of the California Court, constitutes error for which reversal will lie.

Cause Reversed and Remanded with Directions to vest custody of the daughter of the parties in appellant in accordance with the terms of the California decree.

Appellant's Application for Additional Attorney Fees for purpose of appeal is fixed in the amount of $300.00.

HODGES, C. J., and DAVISON, WILLIAMS, BERRY, BARNES and DOOLIN, JJ., concur.

LAVENDER, V. C. J., and IRWIN, J., dissent.