**Marguerite CROOKS, Petitioner,**

v.

**The DISTRICT COURT OF the State of Oklahoma, SEVENTH JUDICIAL DISTRICT, OKLAHOMA COUNTY, and the Honorable Arthur Lory Rakestraw, District Judge, Respondents.**

**No. 52281.**

Supreme Court of Oklahoma.

July 18, 1978.

Louis G. Buchanan, Hanson, Peterson & Tompkins, Inc., Oklahoma City, for petitioner.

Theresa L. Bohman, Asst. Public Defender, Roma M. McElwee, Asst. Dist. Atty., Oklahoma City, Donald Lee Ritter, Staff Atty. II, Dept. of Institutions, Social and Rehabilitative Services, Oklahoma City, for respondents.

LAVENDER, Vice Chief Justice:

Marguerite Crooks is the natural mother of two minor children, a boy approximately two years old and a girl approximately one year old. While the mother was an Iowa resident, proceedings were commenced in that jurisdiction to adjudicate the children "in need of assistance." That determination is somewhat similar to this state's determination of dependent children. After notice and summons of hearing were served on the mother, she left Iowa and brought the children to Oklahoma. On hearing in the Iowa proceeding, the mother failed to appear or bring the children into court. That court then ordered a warrant for the arrest of the mother and a warrant for the children to be brought forthwith into the custody of that court. Thereafter, Oklahoma City police officers located the mother here and removed the two children from her physical custody. The children were placed with the Oklahoma Department of Institutions, Social and Rehabilitative Services (DISRS) said to be then acting in the capacity as Administrator of the Interstate Compact on Juveniles.

A subsequent petition was filed in respondent's court alleging the two children to be deprived. On a show cause hearing in that proceeding, temporary custody was vested in DISRS. In that proceeding prior to trial, a requisition for return of the children to Iowa under the Interstate Compact on Juveniles was presented to the trial court. Trial court held the Interstate Compact on Juveniles applied, but allowed a hearing to the mother to present evidence only on the issues of (a) any defect in the jurisdiction of the Iowa proceedings and (b) the best interest of the children, prior to returning the children to Iowa under the requisition.

Petitioner contends no application of Interstate Compact as to these children. Respondent and DISRS argue for application and adequate due process safeguards through the judicial hearing as allowed here by the respondent judge.

Both petitioner and respondent rely on *Pfotenhauer v. Hunter,* Okl., 536 P.2d 923 (1975). There, this court refused application of the Interstate Compact, for the child was not a runaway, absconder, escapee, or juvenile delinquent. The opinion refused a full disposition of that case on that basis for there was a sister state judgment entitled to comity and to be given effect. A fundamental requisite of "due process" was proscribed by an opportunity to an immediate hearing in the nature of habeas corpus covering the issues of (1) best interest of the child, and (2) the effect of the sister state judgment. Respondent says the guidelines and safeguards of *Pfotenhauer* were met in present case.

■ Here, the threshold issue is the application of the Interstate Compact. As in *Pfotenhauer, supra,* the children are not runaways, absconders, escapees, or juvenile delinquents. Though suggested that *Pfotenhauer, supra,* furnishes the necessary procedural guidelines to allow application of the Interstate Compact through Art. 1(4) referred to in the *Pfotenhauer* opinion as "additional measures" classification, we do not agree. That classification cannot be vitalized by this court, but must come through cooperative actions of any two party states adopting the Compact. No position is taken of such cooperative agreement

or action between Oklahoma and Iowa, here. *Pfotenhauer, supra,* is controlling and in present case the children are not subject to application of the Interstate Compact.

■ Unlike *Pfotenhauer, supra,* there is no final order that requires comity or "full faith and credit." The Iowa requisition is bottomed on a temporary order seeking the children to be physically brought before the Iowa court. There is no final order that determines the children "in need of assistance" under the Iowa proceeding. See *Greenhouse v. Hargrave,* Okl., 509 P.2d 1360, 1362 (1973).

*Pfotenhauer, supra,* made reference to the then pending Dependency and Neglect Petition, and reached no conclusion as to its sufficiency. Similar to *Pfotenhauer,* the respondent's jurisdiction over the children in present case stems from a petition seeking a determination the children here are deprived, i. e. dependent and neglected. Any authority for respondent's order granting DISRS temporary custody comes from that proceeding[1] and not the Interstate Compact or the Iowa temporary order. We do not have a dependent and neglected proceeding before the respondent on appeal to us. For that reason, we do not comment on its sufficiency or the temporary custody order thereunder.

We assume jurisdiction and grant writ of prohibition as to proceeding further under the Iowa requisition, the Interstate Compact for Juveniles, and returning the children to Iowa under respondent's outstanding order. This does not mean there cannot be further proceedings under the dependent and neglected petition, but we do not at this time interfere with the temporary custody order. For this reason, we do not presently grant the petition for writ of habeas corpus.

Since filing this original action, petitioner, under this same court number, has filed a petition in error directed at the court's order and ruling here sought to be prohibited. With the granting of the writ of prohi-

bition, we believe that petition in error to be moot and dismiss accordingly.

Jurisdiction assumed, writ of prohibition granted, writ of habeas corpus denied; emergency motion for stay refused and petition in error dismissed.

DAVISON, WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.

HODGES, C. J., and BARNES, J., dissent.