**Linda GOURLEY, Petitioner,**

v.

**The Honorable Woodrow GEORGE, District Judge in and for the 20th Judicial District, State of Oklahoma, Respondent.**

**No. 53621.**

Supreme Court of Oklahoma.

Sept. 25, 1979.

---

5. See. Note 1, supra.

Gene T. Ritter, Ardmore, for petitioner.

James A. Clark, Ardmore, for respondent.

HODGES, Justice.

This is an application to assume original jurisdiction and a petition for writ of prohibition and/or mandamus to vacate the order of the district court which modified a decree of divorce granted in New Mexico.

Linda Gourley, the petitioner, and Vincent H. Gourley III, the respondent, were divorced by the District Court of Lea County, New Mexico, July 8, 1969. Linda Gourley was granted an absolute decree of divorce, and awarded custody of the minor son of the parties. The father was awarded reasonable visitation rights. After the decree of divorce was entered, the father moved to Carter County, Oklahoma, and the mother and the child of the parties moved to Houston, Texas. The initial decree of divorce permitted reasonable visitation, and the mother allowed the father custodial visitation with the child from time to time throughout the years the parties were divorced. In 1978, the father was permitted to have the child for visitation during the summer months with the agreement that he would return the child to the mother prior to the starting of the school term in Houston, Texas.

The father refused to return the child and, instead, filed a petition in the District Court of Carter County, praying for modification of the New Mexico decree of divorce. Over the objections of counsel, the district court found it had jurisdiction of the cause, and heard testimony on September 6, 1978, on the motion to modify. The hearing was recessed until September 7, 1978, at 9:00 a.m. The mother requested permission of the court to visit with her child, and her request was granted for that evening. On September 7, 1978, counsel for the mother appeared in court and announced that he had received a telephone call from the mother stating that she was in Houston, Texas, with the child. The court heard the sworn testimony of the father, continued with further proceedings, and modified the decree by designating custodial visitation by the father with particularity instead of the general reasonable visitation granted by the New Mexico court.

## I

It is asserted by the mother that the District Court of Carter County did not have jurisdiction to hear the matter because the minor child of the parties was not a resident of Carter County, or the State of Oklahoma, at the time the motion to modify was filed; rather, the child was a resident of Harris County, Texas. It is argued that under the case law of the State of Oklahoma, the only jurisdiction for a child custody case in a matter such as this is either in the court of original jurisdiction, or in the place of residence of the minor child. In *Grubbs v. Hunter, 573 P.2d 699, 702 (Okl.1978)*, this Court reiterated the Oklahoma position as follows:

> "We have long subscribed to the rule that even where our courts may have jurisdiction, if child custody is the subject matter in controversy, the doctrine of comity will be recognized in this State and the question of custody not relitigated unless the welfare of the child is in jeopardy or some other unusual circumstance exists. *Clampitt v. Johnson, [359 P.2d 588 (Okl.1961)], supra; Hollick v. McDaniel, 401 P.2d 466 (Okl.1965)*. There is no indication from the order entered by [the] respondent Judge nor was any fact indicated to this Court on oral presentation, that the welfare of the children, or either of them, would be in jeopardy with their mother. Neither, is there any indicia of unusual circumstance requiring the district court [to] intervene and modify the custodial order entered by the Florida Court. See *Application of Price, 528 P.2d 1107 (Okl.1974)*, and cases cited therein."

It was recognized in *Cox v. Paulson, 534 P.2d 14, 15 (Okl.App.1975)* that, in Oklahoma as well as in other jurisdictions, the domicile or residence of the minor child whose parents have been divorced is the domicile of the parent to whom custody has been legally given. It is unquestioned that the child was in Oklahoma only on a temporary basis. The facts in this case are very similar to *Grubbs v. Hunter, supra*, and to

*Hedrick v. Hedrick, 571 P.2d 1217 (Okl. 1977)*. The *Hedrick* case is particularly in point. In it, the Court determined that the general rule appears to be that, if the court of a sister state enters a valid and binding order concerning the custody of a minor child, the order should be recognized by the courts of this state as a matter of comity, and that the courts of this state will not assume or exercise jurisdiction to relitigate the question of custody unless the child is lawfully and legally in this state. In this case, as in the *Hedrick* case, there is no question that the child entered the state lawfully because of the mother's consent to the child's visitation.

■ It was recognized by the court, however, that an exception to the general rule should be permitted where the welfare of the child is in jeopardy, or some other unusual circumstance exists. Although the petition to modify the decree of divorce states that the best interest of the child would be served by modification, the judgment of the trial court modifying custody did not make a finding what the welfare of the child was in jeopardy, or that there existed some other unusual circumstance which required modification of custody. Therefore, the judgment is void on its face.

■ This Court will assume original jurisdiction and grant prohibition to prohibit the relitigation of the issue of child custody where there is a custodial decree from a sister state, unless there is an affirmative showing that the welfare of the child is in jeopardy, or there exists some other unusual circumstance.[1] If this were not the rule, there could be no orderly administration of the law, judgments of courts would be accorded no validity, and any disappointed litigant, in order to procure another hearing, would need only to forcibly take the child into another state.[2] We find that, absent unusual circumstances, where a parent brings a child into this state for temporary visitation under an order of a court of another state, which has continuing juris-

1. *Duncan v. Seay, 553 P.2d 492 (Okl.1976).*

2. *Hedrick v. Hedrick, 571 P.2d 1217 (Okl.1977).*

diction to change or modify its decree, then, in the interest of comity, the Oklahoma court should grant extraterritorial effect to the decree from a sister state and decline to hear an application to change custody on its merits made in this state. To hold otherwise would create chaos in child custody proceedings, discourage the granting of visitation privileges to non-residents, aggravate relationships between separated spouses, and, most importantly, would adversely affect the child involved.[3]

## APPLICATION TO ASSUME ORIGINAL JURISDICTION AND WRIT OF PROHIBITION GRANTED.

WILLIAMS, BARNES, SIMMS and DOOLIN, JJ., concur.

LAVENDER, C. J., IRWIN, V. C. J., and HARGRAVE and OPALA, JJ., dissent.

IRWIN, Vice Chief Justice, dissenting.

In my opinion there is no statutory or constitutional authority for this Court to issue the writ in the case at bar. I therefore respectfully dissent to assuming jurisdiction and also dissent to the reasons set forth in the majority opinion for granting the writ.

The record discloses that in October, 1978, the trial court, after hearing, entered an order modifying the custodial provisions of the New Mexico divorce decree. Petitioner made no attempt to perfect an appeal and the October order became final. Petitioner now requests that this Court assume original jurisdiction and issue a writ commanding the district judge to desist and refrain from enforcing the order and also requests this Court to declare the order void.

Assuming arguendo that as a matter of comity the trial court erroneously exercised jurisdiction[1] and its order would have been reversed on appeal, this does not constitute a legal basis for this Court to assume original jurisdiction and declare void the trial court's unappealed and final order.

If the trial court's order is subject to vacation or modification, exclusive jurisdiction for such proceeding is in the district court under 12 O.S.1971, §§ 1031–1038, unless the trial court's order is void on the face of the judgment roll. If the trial court's order is void on the face of the judgment roll, this Court would have original jurisdiction to grant relief from such judgment under proper circumstances. The proper circumstances are not presented in the case at bar.

For a judgment to be void on the face of the record it must appear on the face of the judgment roll or record that the court rendering the judgment lacked (1) jurisdiction over the parties, (2) jurisdiction over the subject matter, or (3) jurisdictional power to render the judgment. A judgment is not void on the face of the record if extrinsic evidence is necessary to establish the invalidity. *Scoufos v. Fuller,* Okl., 280 P.2d 720 (1954).

In *Barton v. Alpine Investments,* Okl., 596 P.2d 532 (1979), which involved an appeal, we said

"Alpine seeks to vacate the judgment under the provision in (12 O.S.1971) § 1038 that (a) void judgment may be vacated at any time, on motion of [the] party, or any person affected thereby'. A judgment is not void in the legal sense for want of jurisdiction unless the lack of jurisdiction appears in the record."

One of the cases cited to support the above statement is *Farmers' Union Co-operatives Royalty Company v. Woodward,* Okl., 515 P.2d 1381 (1973), which also involved an appeal, and we said

"Because this is a collateral attack on a decree, the Court's inquiry may not extend beyond the judgment roll in the 1949 action. *Collingsworth v. Hutchison,* 185 Okl. 101, 90 P.2d 416, 418 (1939). Thus, unless the judgment roll affirmatively

---

**3.** *Jolly v. Avery, 220 Kan. 694, 556 P.2d 449 (1976).*

**1.** This has reference to exercising jurisdiction when it was not shown that the welfare of the child was in jeopardy or there existed other unusual circumstance as distinguished from exercising jurisdiction when there was no jurisdiction.

98

discloses lack of jurisdiction, the judgment is not void on its face."

Unless the judgment roll in the case at bar affirmatively discloses lack of jurisdiction in the trial court, every fact not negatived on the face of the judgment roll must be presumed to support the trial court's judgment in the case at bar. *Bomford v. Socony Mobil Oil Co.*, Okl., 440 P.2d 713 (1968).

The majority opinion holds that the judgment of the trial court modifying custody is void on its face because the trial court did not make a finding that the welfare of the child was in jeopardy or that there existed some other unusual circumstance.

A general judgment of the trial court is deemed to include special findings on any and all issues necessary to sustain the judgment. And, the finality of a judicial decision depends upon the jurisdiction of the court and the existence of the power to make the decision rather than the correctness of the decision rendered. *Citizens State Bank of Hugo v. Hall*, Okl., 413 P.2d 513 (1966); and *Cunnius v. Fields*, Okl., 449 P.2d 703 (1969). The judgment is not void on its face.

In my opinion, when the application for modification of the custodial provisions of the divorce decree was filed in the case at bar, it was not necessary for the welfare of the child to be in jeopardy or some other unusual circumstance be shown to exist before the trial court had jurisdiction to modify custody. Although the welfare of the child was a determining factor in reference to the trial court assuming jurisdiction, the welfare of the child was immaterial in reference to the trial court's jurisdiction. Under the facts presented, the trial court had jurisdiction whether the child's welfare was or was not in jeopardy.

In *Clampitt v. Johnson*, Okl., 359 P.2d 588 (1961) we held:

"As a matter of comity, if a court of a sister state enters a valid and binding order or judgment concerning the custody of a child, and the child is brought into this state in derogation of such order or judgment, the courts of this state should not assume or exercise jurisdiction to relitigate the question of custody, unless the welfare of the child is in jeopardy or some other unusual circumstance exists."

In *Clampitt* we said the determining factor was not whether the district court had jurisdiction as a matter of law but whether the district court should assume or exercise jurisdiction as a matter of comity.

In *Greenhouse v. Hargrave*, Okl., 509 P.2d 1360 (1973) we said:

"The doctrine of 'comity' between courts stands for the premise that one court should defer action on causes properly within its jurisdiction until courts of another sovereignty with concurrent powers and already cognizant of the litigation, have had opportunity to pass upon the matter. *Darr v. Burford*, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761 (1950).

"Under the doctrine of comity, a court should ordinarily decline to entertain jurisdiction of a matter where there is an action already pending in a convenient and competent forum of a sister state to which the parties may apply, and where exercise of jurisdiction by the second court might lead to confusion and conflicting orders. *Moody v. Branson*, 192 Okl. 327, 136 P.2d 925, 926 (1943).

"Judicial comity is not a rule of law, but one of practical convenience and expediency. It is based on the theory that when a court has jurisdiction, its jurisdiction will not be interfered with during the continuance of its jurisdiction by another court of a foreign jurisdiction, unless it is desirable that one give way to the other. *Clampitt v. Johnson*, 359 P.2d 588, 592 (Okl.1961)."

In *Greenhouse* we also said the determining factor was not whether the district court had jurisdiction as a matter of law but whether it should assume or exercise jurisdiction as a matter of comity.

In the case at bar the issue presented to the trial court was not whether it had jurisdiction as a matter of law, but whether it should exercise jurisdiction as a matter of comity. The trial court determined it

should exercise jurisdiction, entered its order modifying custody, and that order has become final. If the trial court was in error, petitioner should have appealed.

I respectfully dissent. I am authorized to state that LAVENDER, C. J., and HARGRAVE and OPALA, JJ., concur in the views herein expressed.

